518 P.2d 1020

**Ronald ASHTON, Appellant,**

**v.**

**SIERRITA MINING AND RANCHING, a partnership, Appellee.**

**No. 2 CA–CIV 1505.**

Court of Appeals of Arizona, Division 2.

Feb. 7, 1974.

**304**

Jacqueline Schneider, Lawrence Ollason, Tucson, for appellant.

Mesch, Marquez & Rothschild, by John K. Mesch, Tucson, Law Offices of Robert K. Park, by J. Victor Stoffa, Phoenix, for appellee.

## OPINION

KRUCKER, Judge.

This is an appeal from an order denying a motion to vacate a summary judgment. The sole issue is whether the trial court abused its discretion in denying appellant's motion. The pertinent facts may be summarized as follows.

On September 12, 1970, appellant Ronald Ashton, while on the payroll of Sierrita Mining and Ranching (hereinafter Sierrita) was injured when the truck he was driving overturned. At the time of the accident Sierrita was engaged in constructing a road for Home Stake Production Company (hereinafter Home Stake). Shortly thereafter, appellant filed a claim for workmen's compensation benefits indicating Sierrita as his employer. In October, 1970, the State Compensation Fund mailed appellant a notice of claim status accepting his claim and listing the claim charged against the policy of Sierrita. Between October, 1970 and March, 1971 appellant completed various forms for the State Compensation Fund all listing Sierrita as his employer.

In March of 1971 appellant obtained legal counsel, and on September 1, 1971, his attorney signed an election of remedies form electing to accept workmen's compensation and to proceed against any third party responsible for his injuries. Pursuant to that election appellant received workmen's compensation payments from the State Compensation Fund from August 12, 1971 through June 21, 1972. These payments, which totalled more than $6,000, were charged against Sierrita's policy.

In November, 1971, appellant filed a tort action against Home Stake. Thereafter, on April 13, 1972, appellant filed an amended complaint alleging that his injuries were caused by the negligence of Home Stake and Sierrita. Sierrita moved to dismiss the amended complaint on May 12, 1972. The motion was treated as one for summary judgment and on September 7, 1972, the trial court entered summary judgment in favor of Sierrita.

Appellant filed his notice of appeal but the appeal was dismissed in February of 1973 pursuant to appellant's motion. Thereafter, in March of 1973 appellant timely filed a Rule 60(c), 16 A.R.S. motion to vacate and set aside the September, 1972 summary judgment. The motion was denied and this appeal followed.

Appellant's motion was predicated upon additional information reflected in three depositions, namely those of James Harris, David Spargo and Barry Dugan. The Harris deposition was taken the day before summary judgment while the Spargo and Dugan depositions were taken after entry of summary judgment. Appellant contends that the information from these depositions creates an issue of fact as to whether Home Stake or Sierrita was appellant's employer at the time of his injury and that the trial court abused its discretion in denying his motion.

Appellant's motion was made solely "pursuant to Rule 60(c)." At no time has

he specified which provision of the rule his motion is based upon. Suffice it to say that we find no extraordinary circumstances to bring appellant's motion within Clause (6) of Rule 60(c). *See*, 11 Wright & Miller, Federal Practice and Procedure: Civil § 2864, and cases cited therein. Appellant's motion must therefore have been based on Rule 60(c)(2), i. e., newly discovered evidence.

It is within the sound discretion of a trial court to set aside a final judgment, Modla v. Parker, 17 Ariz.App. 54, 495 P.2d 494 (1972), cert. den. 409 U.S. 1038, 93 S. Ct. 516, 34 L.Ed.2d 487, and absent a clear showing of abuse of such discretion, refusal to vacate the judgment must stand. Industrial Pork Corp. v. U.S.I.F. Palo Verde Corp., 19 Ariz.App. 342, 507 P.2d 681 (1973). The standard governing motions on the grounds of newly discovered evidence is concisely set out in 11 Wright & Miller, supra, § 2859 as follows:

"Under both rules, [Rule 59(a) 4 and Rule 60(c) 2] the evidence must have been in existence at the time of the trial, but if it was in possession of the party before the judgment was rendered it is not newly discovered and does not entitle him to relief. The rule speaks of 'due diligence,' and the moving party must show why he did not have the evidence at the time of the trial or in time to move under Rule 59(b). A judgment will not be reopened if the evidence is merely cumulative and would not have changed the result." 11 Wright & Miller at 182–85.

Under the above standard, we find no abuse of discretion in denying appellant's motion. As early as February of 1972 appellant intended to call both Dugan and Spargo as witnesses. Yet, when judgment was entered in September, 1972, appellant had not taken their depositions. We believe the trial court could have properly concluded that such a delay was a lack of "due diligence." Furthermore, the three depositions are just cumulative, which appellant conceded in his reply brief. Cumulative evidence is insufficient to warrant setting aside a judgment.

Additionally, we find another basis for upholding the denial of appellant's motion as the trial court could have properly concluded that appellant had waived any right to sue Sierrita for damages.

Under A.R.S. § 23–1024 an employee who accepts compensation waives the right to exercise any option to institute judicial proceedings against his employer. From the time of the accident in September, 1970, until the filing of the amended complaint in April of 1972, appellant claimed Sierrita as his employer for purposes of receiving workmen's compensation. He elected to proceed against any third party for his injuries, plus receive his compensation. With full knowledge of his legal rights, he received over $6,000, which was charged to Sierrita's policy. In fact, appellant accepted benefits charged to Sierrita after he had filed his amended complaint against Sierrita.

We believe that the trial court could properly have concluded that appellant had waived the right to claim that Sierrita was not in fact his employer. In accord, *see,* Ayers v. Genter, 367 Mich. 675, 117 N.W. 2d 38 (1962); and Annot. Workmen's Compensation—Res Judicata, 84 A.L.R.2d 1036 § 5. To allow appellant to maintain an action against Sierrita after accepting benefits from it would render A.R.S. § 23–1024 meaningless. Appellant having presented no new evidence on this issue, it would have been an abuse of discretion to grant his motion.

Order affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.