# UNIVERSITY OF ARKANSAS MEDICAL SCIENCES CENTER, et al *v.* Matthews Lou RALEIGH

CA 84-426                                688 S.W.2d 303

Court of Appeals of Arkansas
Division I
Opinion delivered April 10, 1985

*E. Diane Graham,* Public Employee Claims Division, Arkansas Insurance Department, for appellant.

*James F. Swindoll, P.A.,* by: *H. L. "Buddy" Slate,* for appellee.

TOM GLAZE, Judge. The appellant appeals from a unanimous decision of the Workers' Compensation Commission finding appellee's claim compensable and awarding her disability and medical benefits. We affirm.

The appellee, Matthews Raleigh, was employed as a staff LPN in the cardiac unit of appellant hospital. On December 15, 1983, the appellee injured her arm when she fell during the lunch break at a seminar she was attending at the Holiday Inn in Little Rock. Appellant's only point on appeal is that substantial evidence does not support the Commission's finding that appellee's injury arose out of and during the course of her employment.

The evidence showed that appellee attended the seminar on "Advances in Cardiac Care" on her own time and that she paid her own tuition. Appellant's witnesses testified that appellee was not required, requested, urged or encouraged to attend the seminar. Witnesses for both parties testified that the appellant hospital keeps a book on its premises in which the nurses record their hours of continuing education and in-service training. The record-keeping procedure is required by both the Joint Committee on Accreditation of Hospitals and the State Health Department. Appellant's witness testified that even though the book is kept, continuing education is not required for employees to maintain their positions or to get raises or promotions.

Appellee, on the other hand, testified that they "have to have continuing education" and have "to report the continuing education hours to the employer." She described the requirement that employees write all in-service training in the book kept on the floor where she works. Appellee testified that she did not know whether she would be disciplined for not meeting continuing education require-

ments but that "my thoughts are I would . . . because I am required to tell them how many hours."

Appellee also testified that, with her supervisor's approval, she traded shifts with another employee to be able to attend the seminar. She testified about specifics that she learned in the seminar and described how the training would help her in her job. She said that it was her understanding that she had to have so many continuing education hours each year and that she thought it would help her to keep her job, although it was not her understanding that she would lose her job if she did not attend.

Carol Wolfe, the head nurse of the cardiac unit, testified that she did not encourage anyone to attend the seminar and that appellee did not request official leave to attend. She denied giving permission for or having knowledge of appellee's trading shifts with another employee.

Ann Harris, acting director of nurses, testified that she did not encourage or require the appellee to attend the seminar and that neither appellee nor any of the others who attended was representing the appellant Medical Center at the seminar. She testified that her understanding was that appellee was attending on her own, non-work time.

In finding the appellee's claim compensable, the Commisison noted that a key factor in its decision was the appellant's maintenance of a log book for employees to record their attendance at professional seminars, workshops and other continuing education events. The Commission pointed out that not only was a log book kept but that new employees were given log sheets to be filled out and inserted in the book when they commenced employment.

Both parties have cited Professor Larson to support their respective positions that the appellee's injury either did or did not arise out of and during the course of employment. Larson says that when an employee is injured while undertaking educational or training programs, "[c]ompensability turns on whether claimant's contract of employment contemplated attendance as an incident of his work. . . . Employment connection may be supplied by varying degrees of employer encouragement or direction.

. . . It is . . . sufficient if attendance, although not compulsory, is 'definitely urged,' or 'expected,' but not if it is merely 'encouraged'." 1A A. Larson, *The Law of Workmen's Compensation*, § 27.31 (1979). Relying on the foregoing rule in Larson, both parties presented testimony to establish whether appellant did or did not urge or expect its employees to participate in continuing education programs. Neither party has cited an Arkansas case dealing with this issue, and we are aware of none.

Of course, the determination whether appellant's injury arose out of and in the course of employment is not ours to make in the first instance. We review the evidence to determine only if substantial evidence supports the Commission's decision, giving deference to their judgment in matters of credibility. *Jones* v. *Scheduled Skyways, Inc.*, 1 Ark. App. 44, 612 S.W.2d 333 (1981). Whether the appellant hospital "urged" or "expected" or whether it merely "encouraged" its employees to attend seminars, workshops and courses was a question of fact for the Commission. The appellant's primary arguments on appeal involve credibility issues. Appellant asks us to weigh the testimonies of appellant's witnesses against the testimony of the appellee which "stood alone." We are unwilling to do that.

The primary case upon which the appellant relies, *Loggins* v. *Wetumka General Hospital*, 587 P.2d 455 (Okla. 1978), did involve a similar issue, but turned upon the court's standard of review of workers' compensation cases. The Oklahoma Supreme Court noted that it does not weigh evidence to determine the preponderance, but examines the record only to ascertain whether the order is supported by any competent evidence. The court affirmed the Industrial Board's finding that the claim was not compensable. We, too, must adhere to our well-settled standard of review when considering factual determinations made by the Commission. Because substantial evidence exists in the record to support the Commission's decision that appellee's injury occurred during the course of her employment, we affirm.

Affirmed.

COOPER and CLONINGER, JJ., agree.