833 P.2d 39

**S.E. RYKOFF & COMPANY,**
**Petitioner Employer,**

**CNA Insurance, Petitioner Carrier,**

v.

**INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Tim Dell, Respondent Employee.**

**No. 1 CA–IC 91–0102.**

Court of Appeals of Arizona,
Division 1, Department B.

June 23, 1992.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth, Beshears, P.A. by Lawrence H. Lieberman, Phoenix, for petitioners employer and carrier.

Anita R. Valainis, Chief Counsel, Indus. Com'n of Ariz., Phoenix, for respondent.

Taylor & Schaar by Thomas R. Stillwell, Phoenix, for respondent employee.

## OPINION

KLEINSCHMIDT, Judge.

This is a special action review of an Arizona Industrial Commission award for a compensable claim. The issue is whether the administrative law judge erred by finding that the claimant sustained compensable injuries in an altercation with a thief who had broken into his personal vehicle which was parked in his employer's parking lot while the claimant was at work. Because the administrative law judge's award is reasonably supported by the evidence, we affirm.

After he was injured, the claimant filed a workers' compensation claim which was denied for benefits. The claimant timely protested, contending that he had sustained a compensable injury.

At the hearing, only the claimant testified. He explained that he was a warehouseman for S.E. Rykoff & Company and worked nights, from 5:00 p.m. to 1:30 a.m., at a frozen food warehouse located at 5th Street and Jackson in Phoenix. He operated a forklift and collected food items from

various freezers to be loaded on Rykoff delivery trucks the following morning. The claimant provided uncontradicted testimony that the warehouse was located in a "sleazy, run-down area" of downtown Phoenix and that Rykoff employees' vehicles parked at the warehouse had been broken into before. For that reason, Rykoff's management had instructed employees to park in front of the warehouse loading docks so that they could "keep an eye" on their vehicles. The claimant testified that this was the area where Rykoff trucks parked during the day for loading.

On an evening in June 1990, the claimant was operating his forklift when his supervisor called out to him that there was a strange vehicle parked alongside the employees' vehicles in the parking area. The claimant followed his supervisor out onto the loading dock to investigate. At that point, both the claimant and his supervisor were able to see that the claimant's pickup truck had a broken window, the doors were open, and there was someone inside. Both of them jumped off of the loading dock and ran toward the claimant's truck shouting at the thief. The thief jumped out of the claimant's truck and ran back to his own pickup truck. The claimant reached the thief's truck ahead of his supervisor, reached in the open window, and grabbed the thief by the shirt. The thief then grabbed the claimant's arm and accelerated out of the parking area dragging the claimant by his arm for approximately 50 feet before releasing him. The claimant sustained a leg fracture.

The claimant testified that jumping off the loading dock and chasing the thief was an instantaneous reaction to someone stealing his personal property. Although he regretted chasing the thief, he stated that he did not know what he would do if the same situation occurred again in the future. He candidly testified that he did not believe that the thief presented an emergency situation for the employer or the employer's property. Finally, the claimant stated that Rykoff had never instructed him what to do if he saw someone breaking into a vehicle in the parking area.

Rykoff argues that the claimant's injuries did not arise out of or in the course of his employment and are noncompensable. The statutory elements of compensability are an injury by accident arising out of and in the course of employment. *See* Ariz.Rev.Stat.Ann. ("A.R.S.") § 23–1021(A) (1983). "Arising out of" refers to the origin or cause of the injury; "in the course of" refers to the time, place, and circumstances of the accident in relation to the employment. *Peter Kiewit Sons' Co. v. Industrial Comm'n*, 88 Ariz. 164, 168, 354 P.2d 28, 30 (1960); *Scheller v. Industrial Comm'n*, 134 Ariz. 418, 420, 656 P.2d 1279, 1281 (App.1982). It is the claimant's burden to prove all elements of a compensable claim. *Toto v. Industrial Comm'n*, 144 Ariz. 508, 512, 698 P.2d 753, 757 (App. 1985).

The "arising out of" element requires the claimant to show that his injury had its origin in a risk connected with the employment and that it was a consequence of that risk. *Hartford Acc. and Indem. Co. v. Industrial Comm'n*, 126 Ariz. 309, 311, 614 P.2d 851, 853 (App.1980). These risks have been categorized by Professor Larson based on the work contribution involved:

> (1) the peculiar risk doctrine, that is, the source of the injury must be in its nature particular to the employment; (2) the increased risk doctrine, that is, the employment causes an increased exposure to a risk which is qualitatively not peculiar to the employment; (3) the actual risk doctrine, that is, it is immaterial if the risk is common to the public, if it is in fact a risk of *this* employment; and (4) the positional risk doctrine, that is, the injury is compensable if it would not have occurred but for the fact the employment placed the employee in a position where he or she was injured.

*Nowlin v. Industrial Comm'n*, 167 Ariz. 291, 293, 806 P.2d 880, 882 (App.1990) (citing 1 Arthur Larson, *The Law of Workmen's Compensation* §§ 6.20–.50, at 3–4 to –7 (1990)).

■ In addition to evaluating the nature of a risk, it is also necessary to examine the origin of the risk. The origin may be (1) distinctly work related, such as machinery malfunctioning, or dynamite exploding, (2) wholly personal, such as a heart attack entirely attributable to a preexisting heart condition or a death from natural causes, (3) mixed, i.e., partially work related and partially personal, or (4) neutral, such as being hit by a stray bullet or struck by lightning. *See Royall v. Industrial Comm'n*, 106 Ariz. 346, 350, 476 P.2d 156, 160 (1970); 1 Arthur Larson, *supra*, §§ 7.10–.40, at 3–12 to –15.

■ In this case, the risk arose out of the theft of the claimant's personal property and therefore was wholly personal to the claimant. But the nature of the risk, although not peculiar to this employment, was increased by the employment.

An analogy to this situation may be found in cases in which a dangerous environment increases the risk of a personal assault. Larson has stated that:

> [A]lthough the nature of the particular job may not entail aggravated risk of assault, the time or place of the employment may be such as to increase that risk. This has been held to be a ground for an assault award when the employment required the employee to work in or travel through a dangerous locality, or when the employee was required to work at night.

1 Arthur Larson, *supra*, § 11.11(b) at 3–192 to –193. Larson also notes that it is not necessary for the claimant to "prove that both the environment increased the risk of attack and that it was motivated by something related to the employment. The correct rule is that either one or the other is sufficient to establish the causal link." *Id.* at 3–196 to –197.

In this case, the claimant's place of employment was a run-down commercial area and he was required to work at night. Rykoff was aware that its warehouse was located in an unsafe area since it had instructed its employees to park in front of the warehouse where they could keep an eye on their vehicles. There was also evidence of prior vehicle break-ins at the warehouse. Despite this knowledge, Rykoff did not provide a security guard or a secured area for its employee parking. Because this evidence is sufficient to establish an increased risk from the employment, it is unnecessary to show that the origin of the risk was employment related.

■ The "in the course of" element involves an examination of the time, place and circumstances in which the claimant's injury arose. In this case, the claimant was injured in the employer's parking area, where he had been instructed to park, so that he could keep an eye on his vehicle during working hours. But the claimant's activities at the time of injury also must bear a work connection. Larson states the following general test.

> A compensable injury must arise not only within the time and space limits of the employment, but also in the course of an activity related to the employment. An activity is related to the employment if it carries out the employer's purposes or advances his interests directly or indirectly. Under the modern trend of decisions, even if the activity cannot be said in any sense to advance the employer's interests, it may still be in the course of employment if, in view of the nature of the employment environment, the characteristics of human nature, and the customs or practices of the particular employment, the activity is in fact an inherent part of the conditions of that employment.

1A Arthur Larson, *supra*, § 20.00 at 5–1.

In this case, Rykoff needed employees to work the night shift at its frozen food warehouse, and it instructed them to park their vehicles where they could keep an eye on them. The claimant was made aware of the thief by his supervisor and merely followed his supervisor's example until he realized that his vehicle was the thief's target. At that point, the claimant perceived

an emergency and reacted without considering the consequences. He did nothing contrary to instructions. We believe that the totality of these circumstances brought the claimant's actions within the course of his employment.

For all of the foregoing reasons, we find that the claimant's injuries arose out of and in the course of his employment. The award is affirmed.

JACOBSON, P.J., and GARBARINO, J., concur.