Argued and submitted September 4, reversed and remanded for acceptance of claim November 12, 1992

In the Matter of the Compensation of
Martin J. McKeown, Claimant.

Martin J. McKEOWN,
*Petitioner,*

*v.*

SAIF CORPORATION
and Martin J. McKeown, P.C.,
*Respondents.*

(90-18674; CA A72877)

840 P2d 1377

Edward J. Harri, Eugene, argued the cause for petitioner. With him on the brief were Donald M. Hooton and Malagon, Moore, Johnson & Jensen, Eugene.

Steven Cotton, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

### ROSSMAN, J.

Claimant, an attorney, seeks review of an order of the Workers' Compensation Board holding that an injury that he sustained on his way to a legal education conference is not compensable.

The facts are undisputed. Claimant practices law as a sole practitioner, with an emphasis on workers' compensation. He is the sole shareholder in employer, and the corporation has elected workers' compensation coverage for him. He regularly works evenings and weekends at home or at the office. During those times, he often meets with clients or contacts them by telephone. Although his main office is in Eugene, he has clients in other parts of the state, including Portland, where he shares office space with another attorney. For convenience and to save on hotel costs, employer rents an apartment for claimant to use while he is in Portland.

Claimant frequently rides his bicycle to work or to meet clients. He uses a cellular telephone to call clients or other attorneys from his automobile or locations other than the office or his home. The corporation's by-laws require claimant to attend continuing legal education programs. The corporation pays him a salary and an additional amount after payment of overhead, but does not pay him separately or reimburse him for his time or expenses for attending CLE's.

On Friday, July 20, 1990, claimant drove to Portland so that he could attend a CLE program on Saturday morning. On Friday evening, he read recent legislation in preparation for the CLE and made several business calls.

Claimant rode his bicycle to the CLE on Saturday morning. He carried his telephone, which he intended to use to telephone clients before the meeting began. While riding down Front Street, his bicycle tire got caught in the pavement, and he lost his balance and fell to the ground. He injured his head, knee and left hip. Claimant called his daughter on his portable telephone, and she came and took him to the hospital, where he underwent treatment for a broken hip.

SAIF denied the claim on the ground that the injuries did not occur in the course of employment. The referee

and the Board upheld the denial, finding that claimant did not attend the CLE as a part of his employment but, rather, to maintain the qualifications for his employment, and that any risk associated with attending the meeting was his own rather than employer's.

Claimant directed his own activities and decided when and where he would work. The Board's opinion relies on technical employment distinctions and speaks in terms of what "employer" required of claimant, thereby attempting to distinguish activities required by the employment from those that claimant chose for himself personally. The Board's order turns on its conclusion that CLE attendance was not a requirement of the employment, but only a prerequisite or condition to claimant's employment as an attorney, and, therefore, that any risk was personal to claimant and not related to employment. CLE attendance was a requirement of his employment, however, even if claimant, as president of the corporation, directed himself to attend it.

Applying the test of "work-connectedness" established in *Rogers v. SAIF*, 289 Or 633, 616 P2d 485 (1980), and the factors in *Mellis v. McEwen, Hanna, Grisvold*, 74 Or App 571, 703 P2d 255, *rev den* 300 Or 249 (1985), we conclude that the claim is compensable, even in the face of the technical distinctions of employer and employee. The uncontroverted evidence is that claimant directed himself to go to Portland to conduct business and to attend the CLE and that he was injured on his way to the CLE. Although claimant was not paid separately for his attendance at the CLE, it was contemplated that, as a part of his regular work and within his monthly salary, he would work outside the office and attend such programs. The fact that the injury occurred off employer's premises is not significant, in view of the fact that claimant had travelled to and was in Portland as a part of his work at employer's direction and, at the time of the injury, was on his way to a program for employer's benefit. Accordingly, on the undisputed facts, as a matter of law, claimant was injured in the course of his employment, and the injury is compensable.

Reversed and remanded for acceptance of the claim.