182 Ariz. 46 (1994)
893 P.2d 46
Ronald DELBRIDGE, a single man, Plaintiff-Appellant,
v.
SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT, a political subdivision of the State of Arizona, Defendant-Appellee.
No. 1 CA-CV 92-0531.
Court of Appeals of Arizona, Division 1, Department A.
November 8, 1994.
Review Denied April 25, 1995.
*48 Jerry Steele, Phoenix, for plaintiff-appellant.
Jennings, Strouss & Salmon, P.L.C. by Michael A. Beale, James M. Ackerman, Katherine M. Cooper, Phoenix, for defendant-appellee.

OPINION
CONTRERAS, Judge.
Plaintiff-Appellant Ronald Delbridge ("Delbridge") appeals from the granting of summary judgment in favor of Defendant-Appellee Salt River Project Agricultural Improvement and Power District ("SRP") and denial of his motions for relief from judgment under Rule 60(c) and for a new trial. The issue presented in this appeal is whether workers' compensation is Delbridge's exclusive remedy against his employer (SRP) for injuries received in a job-related training class required by SRP but conducted outside of working hours. We conclude that the trial court correctly determined that Delbridge's injuries arose out of and were within the course of his employment and therefore that workers' compensation is his exclusive remedy against SRP.[1] Further, we conclude the trial court did not abuse its discretion in denying either the Rule 60(c) motion or the motion for new trial. State v. Mecher, 173 Ariz. 474, 478, 844 P.2d 641, 645 (App. 1992).
FACTS AND PROCEDURAL HISTORY
Delbridge was employed by SRP as a preapprentice lineman. SRP required employees in that position to take two sixteen-week training courses as a condition of their employment. SRP also signed an Educational Service Agreement with Maricopa County Community College District ("MCCCD"); under the contract, Rio Salado Community College ("Rio Salado") agreed to offer the courses in pre-apprentice lineman training under its aegis. Because Rio Salado does not have a campus but holds classes at various business locations, SRP and Rio Salado *49 agreed to hold the training classes in the evening at the SRP skills training center. The training center had a pole yard for instruction and practice in utility pole climbing. SRP provided one of its employees, who was certified to teach by the State Board of Directors for Community Colleges of Arizona, as the instructor.
Delbridge enrolled in the Rio Salado courses in consecutive semesters. SRP did not pay him for the time spent preparing for and attending class. Although Delbridge initially paid the tuition, after he received a grade report and credit for the first course, SRP reimbursed him for the tuition.
During a class held in the second semester, Delbridge was performing a required 30-foot free-climb (a climb without use of a safety strap) on a large diameter utility pole when he fell to the ground and was rendered paraplegic. The Occupational Safety and Health Division of the Industrial Commission of Arizona ("OSHD") immediately investigated Delbridge's fall. It ceased the investigation, however, when it concluded that Delbridge was a student voluntarily attending class at the time of the accident.
SRP began sending workers' compensation benefit payments to Delbridge, but he refused the benefits in the belief that his injuries were not employment related. SRP filed notices of claim status with the Industrial Commission of Arizona to attempt to invoke or create its jurisdiction. The commission, however, ruled that it had no jurisdiction over the matter until it received an application or claim from Delbridge, and Delbridge had made no application or claim.
Delbridge filed a civil action against SRP, alleging that it had been negligent in the design, supervision, and instruction of the course; in the provision of equipment and maintenance of the training center; and in the failure to warn Delbridge of the serious risks involved in the class. SRP moved for summary judgment and argued that Delbridge was an SRP employee, had not rejected workers' compensation coverage prior to the accident, and suffered injuries arising out and in the course of his employment. Accordingly, SRP argued that, as a matter of law, Delbridge's sole remedy against SRP would be under workers' compensation, and the trial court lacked subject matter jurisdiction over the tort action.
In response to the motion for summary judgment, Delbridge contended that his injuries neither arose out of his employment, because his job did not require free climbing of large diameter poles, nor were they sustained in the course of his employment because he simply attended a class offered by Rio Salado on his own time. The purpose of workers' compensation, Delbridge maintained, is to protect workers, and the statutory scheme should be narrowly interpreted to leave intact his common law right to sue SRP for negligence that occurred outside the employment relationship.
In granting SRP's motion for summary judgment, the trial court determined that Delbridge's injuries arose out of and in the course of employment, that the basic activity in which Delbridge was engaged at the time of his accident related to his work, and, thus the court did not have subject matter jurisdiction over the civil tort action.
Delbridge filed a motion for new trial and asserted that under the dual capacity doctrine, he was entitled to maintain a civil action against SRP not as his employer but as the instructor and designer of the training course. He also claimed a right under our state constitution to maintain a civil action against SRP. The trial court denied the motion, and Delbridge appealed.
While his appeal was pending, Delbridge requested that this court suspend the appeal and revest jurisdiction in the trial court so that he could file a motion for relief from judgment pursuant to Rule 60(c), Arizona Rules of Civil Procedure. He claimed to have newly discovered evidence bearing directly on the summary judgment. This court suspended the appeal and revested jurisdiction in the trial court. In his Rule 60(c) motion, Delbridge contended that federal labor regulations prohibited SRP from requiring pre-apprentices to attend classes on their own time and that new evidence showed that linemen were not required to climb utility poles without a safety strap as Delbridge had been required to do.
*50 The trial court denied Delbridge's motion for relief from the judgment without comment. Delbridge appealed from the denial of the motion, denial of the motion for new trial, and the grant of summary judgment for SRP.
DISCUSSION
A. Appeal From Summary Judgment
In reviewing summary judgment, we examine the facts and evidence in a light most favorable to the party against whom judgment was granted and draw all reasonable inferences in favor of that party. AROK Const. Co. v. Indian Const. Services, 174 Ariz. 291, 293, 848 P.2d 870, 872 (App. 1993).
Arizona's workers' compensation scheme provides that every employee covered by workers' compensation insurance who is injured in an accident "arising out of and in the course of his employment" is entitled to compensation for losses suffered as the result of the injury. Ariz. Rev. Stat. Ann. ("A.R.S.") section 23-1021 (1983). An employee's right to recover workers' compensation for such injury is the exclusive remedy against the employer and any co-employee acting in the scope of his or her employment. A.R.S. section 23-1022(A) (Supp. 1993). Thus, if Delbridge's fall arose out of and occurred in the course of his employment, his exclusive remedy is workers' compensation benefits.
Delbridge stresses that the statutes are designed to benefit an injured employee and his dependents and "to protect the employee rather than the employer." Young v. Environmental Air Products, Inc., 136 Ariz. 158, 163, 665 P.2d 40, 45 (1983) (quoting United States Fidelity and Guaranty Co. v. Industrial Comm'n, 42 Ariz. 422, 430, 26 P.2d 1012, 1015 (1933)). He urges us to adopt a narrow construction of the statutory scheme when it results in the loss of his common law right to sue for his injuries.
In Young, two employees of a contractor were injured while constructing a prefabricated building for Environmental Air Products ("EAP"). They filed a tort action against EAP and others. EAP attempted to invoke the workers' compensation statutes to escape tort liability. The court of appeals found no statutory employer relationship existed absent the injured employees' consent and thus would have permitted the tort action to proceed. On review, the supreme court recognized that "the legislative objectives are furthered if the statute is liberally interpreted when imposing liability for payment of compensation benefits, ... and strictly interpreted when loss of the worker's common law rights is the object for which the statute is invoked." 136 Ariz. at 163, 665 P.2d at 45 (citation omitted). Yet, the court was unwilling to engraft a requirement of employee consent when the legislature had not done so. Id. at 162-63, 665 P.2d at 44-45.[2]
Thus, although we may be guided by a strict interpretation of the workers' compensation scheme in determining whether Delbridge's injuries both arose out of and occurred in the course of his employment with SRP, we cannot ignore the language of the Arizona Constitution or of the relevant statutes. Our courts have consistently held that Article 18, section 8 of the constitution empowers the legislature to grant immunity to employers who comply with the workers' compensation scheme. Anderson v. Industrial Comm'n, 147 Ariz. 456, 461, 711 P.2d 595, 600 (1985); Citizen's Util., Inc. v. Livingston, 21 Ariz. App. 48, 51, 515 P.2d 345, 348 (1973); Williams v. Magma Copper Co., 5 Ariz. App. 236, 237, 425 P.2d 138, 139 (1967). The grant of immunity supersedes the employee's right to pursue an employer in a civil tort action if the employee does not opt out of the workers' compensation scheme. Anderson, 147 Ariz. at 461, 711 P.2d at 600.
1. Whether These Injuries Arose Out of Employment
We first address the question of whether Delbridge's injuries arose out of his *51 employment. "Arising out of" refers to the origin or cause of an injury. S.E. Rykoff & Co. v. Industrial Comm'n of Arizona, 172 Ariz. 22, 24, 833 P.2d 39, 41 (App. 1992). If the injuries had their origin in a risk connected with the employment and were a consequence of that risk, they arose out of the employment. Id.
Delbridge argues that his injuries did not arise out of his employment because his job did not require free climbing of large diameter poles; thus, free climbing was not a risk inherent in his work. We reject this extremely narrow interpretation of "arising out of." Delbridge's job as a pre-apprentice lineman required him to climb utility poles, and the risk of falling from a pole, whether or not he was using safety equipment, was a risk connected with his employment. Furthermore, the record reveals evidence to support a finding that linemen occasionally must free climb to get around obstructions on a pole, even if they do not ordinarily climb without safety straps. Therefore, an occasional free climb could be a normal job activity.
2. Whether These Injuries Occurred in the Course of Employment
We next address the question of whether Delbridge's injuries occurred in the course of his employment. To be compensable under the workers' compensation statutes, an injury must occur "in the course of" employment. If the time, place, and circumstance of an injury are employment-related, this requirement is satisfied. Id. Delbridge argues that his injuries were not in the course of his employment because they occurred after regular working hours, at a Rio Salado class site, and while he was performing a climb that was prohibited by OSHD safety regulations.
We conclude that Johnson Stewart Mining Co., Inc. v. Industrial Comm'n of Arizona, 133 Ariz. 424, 652 P.2d 163 (App. 1982), governs this case and that Delbridge's injuries occurred in the course of his employment. In Johnson Stewart, a foreman asked two employees to attend an educational seminar sponsored by an equipment manufacturer and held after working hours. On their way home from the seminar, the employees were seriously injured in an auto accident. The employer denied their workers' compensation claims, but after administrative proceedings, the industrial commission awarded benefits.
In the appeal by Johnson Stewart and its carrier, the court focused on whether the employees were injured "in the course of" their employment. Id. at 426, 652 P.2d at 165. The court applied the test adopted in Truck Ins. Exchange v. Industrial Comm'n, 22 Ariz. App. 158, 160, 524 P.2d 1331, 1333 (1974). The test considers a number of factors:
"Did the activity inure to the substantial benefit of the employer? ... Was the activity engaged in with the permission or at the direction of the employer? .. . Did the employer knowingly furnish the instrumentalities by which the activity was to be carried out? ... Could the employee reasonably expect compensation or reimbursement for the activity engaged in? ... Was the activity primarily for the personal enjoyment of the employee?"
Johnson Stewart, 133 Ariz. at 427, 652 P.2d at 166 (quoting Truck Ins. Exch., 22 Ariz. App. 158 at 160, 524 P.2d at 1333) (citation omitted).
The court in Johnson Stewart found sufficient evidence that the seminar was reasonably, substantially, and primarily for the benefit of the employer; that the employer had strongly urged the employees to attend; and that the employees' ability to repair the machinery used by the employer was an "`integral part of the Employer's business plan.'" 133 Ariz. at 428-29, 652 P.2d at 167-68 (quoting Lawrence v. Industrial Comm'n of Arizona, 78 Ariz. 401, 404, 281 P.2d 113, 115 (1955)). From the totality of the evidence, the court found sufficient indicia of employment-related activity to support a conclusion that the injury occurred in the course of employment. 133 Ariz. at 429, 652 P.2d at 168.
Application of the Truck Insurance test to the present situation establishes that Delbridge was in the course of his employment when he was injured. The training received by pre-apprentice linemen in the Rio Salado *52 course inured to the substantial benefit of SRP. Delbridge does not dispute SRP's contention that well-trained linemen benefit SRP and its customers. In addition, Delbridge enrolled in and attended the class at SRP's direction and as a condition of his job. By providing the climbing equipment to the students and by arranging to hold the classes at its pole yard, SRP knowingly furnished the instrumentalities for carrying out the course activity.
Also, although SRP did not pay its employees for the time they spent in class, it reimbursed their tuition costs upon completion of the course. Finally, Delbridge has not contended that the course activities were primarily for his personal enjoyment. In fact, he could not have enrolled in class had he not been an SRP pre-apprentice lineman.
After considering the undisputed facts and the arguments presented, we conclude that Delbridge was in the course of his employment when he attended the Rio Salado class.[3] Accordingly, Delbridge's sole and exclusive remedy against SRP for injuries received while attending class is limited to workers' compensation benefits, and the trial court lacked jurisdiction over a civil tort action filed against SRP. Swichtenberg v. Brimer, 171 Ariz. 77, 82, 828 P.2d 1218, 1223 (App. 1991).
Our conclusion is in accord with cases in other states holding that employees injured while traveling to and from or attending work-related classes, seminars, and conferences were acting in the course of their employment. See Trapp v. Sagle Volunteer Fire Dept., 122 Idaho 655, 837 P.2d 781 (1992) (court relied on Johnson Stewart; volunteer fire fighter injured en route to a medical technician course was within the scope of her employment); Courser v. Darby Sch. Dist. No. 1, 214 Mont. 13, 692 P.2d 417 (1984) (teacher's injury while traveling to summer classes was within scope and course of employment); State Tax Comm'n v. Industrial Comm'n of Utah, 685 P.2d 1051 (Utah 1984) (injury suffered while traveling to job-related training program away from usual place of employment arose in the course of employment); McLaren v. Webber Hosp. Ass'n, 386 A.2d 734 (Me. 1978) (employee's emotional injury as a result of sensitivity seminar occurred in course of employment where employer paid employee's attendance fee and wages); Proctor v. SAIF Corp., 123 Or. App. 326, 860 P.2d 828 (1993) (employee's basketball injury on evening of first day of conference he was attending for employer covered by workers' compensation); McKeown v. SAIF Corp., 116 Or. App. 295, 840 P.2d 1377 (Or. App. 1992) (attorney injured on the way to continuing education course was in the course of employment); University of Ark. Medical Sciences Ctr. v. Raleigh, 14 Ark. App. 277, 688 S.W.2d 303 (1985) (employee injured during a break at a seminar was in the course of her employment even though employer merely encouraged her to attend); Blakeway v. Lefebure Corp., 393 So.2d 928 (La. App. 1981) (employee's diving accident at motel pool on a Sunday during two week training seminar arose out of and was in the course of employment); see also 1A ARTHUR LARSON, THE LAW OF WORKMEN'S COMPENSATION §§ 27.31(a), (c) (1993).
Delbridge asserts that the finding by OSHD that his injuries did not occur in the course of his employment gives support to his position. We do not agree. OSHD concluded only that Delbridge's injuries did not occur on the job and therefore that it need not determine if SRP had committed any occupational safety violations. OSHD's investigation regarding possible safety violations was unrelated to Delbridge's entitlement to workers' compensation benefits. Neither this court nor the trial court is bound by OSHD's finding.
*53 B. Appeal from Denial of Motion for New Trial
The trial court has considerable discretion in the grant or denial of a motion for new trial, and we will not overturn that decision absent a clear abuse of discretion. Suciu v. AMFAC Distrib. Corp., 138 Ariz. 514, 520, 675 P.2d 1333, 1339 (App. 1983).
In his motion, Delbridge argues that under the Arizona Constitution, article 18, section 6,[4] he has a right to sue SRP for negligence, and that he did not knowingly relinquish or waive his right to recover for his injuries from the persons or entity that negligently designed or taught the Rio Salado course.[5] He also argues that under the "dual capacity" doctrine, he may maintain an action against SRP, not as his employer, but as the designer of the training course.
The trial court concluded that the dual capacity contention was a newly devised legal theory. It denied the motion, citing Rule 59, Arizona Rules of Civil Procedure, and Cecil Lawter Real Estate School, Inc. v. Town & Country Shopping Center Co., Ltd., 143 Ariz. 527, 538, 694 P.2d 815, 826 (App. 1984), and Boy v. Fremont Indemnity Co., 154 Ariz. 334, 337, 742 P.2d 835, 838 (App. 1987). Although the trial court found that the dual capacity doctrine was raised only in the motion for new trial, our review of the record reveals that Delbridge's Response to SRP's Reply in Support of the Motion for Summary Judgment contained an argument that SRP was liable not as Delbridge's employer but for its part in designing and developing the training course in which Delbridge was injured. "The fact that SRP was also Ron [Delbridge]'s employer is incidental to the claim."
Nevertheless, the trial court also concluded that even if Delbridge had not raised a new theory, "injuries that occur in the course of employment and during employer-sponsored training classes are covered by" workers' compensation. We agree. The dual capacity doctrine has not gained acceptance in Arizona. See Denman v. Duval Sierrita Corp., 27 Ariz. App. 684, 685, 558 P.2d 712, 713 (1976) (dual capacity argument is contrary to the public policy behind workers' compensation; employee could not sue his self-insured employer in the latter's capacity as an insurance carrier); see also Hills v. Salt River Project Ass'n, 144 Ariz. 421, 425, 698 P.2d 216, 220 (App. 1985) (dual capacity doctrine conflicts with statute mandating exclusivity of workers' compensation remedy and with legislative purpose). Therefore, the trial court did not abuse its discretion in denying Delbridge's motion for new trial.
C. Appeal from Denial of Rule 60(c) Motion
Delbridge argues that the trial court erred in denying his motion for relief from the judgment pursuant to Rule 60(c), Arizona Rules of Civil Procedure, on the basis of newly discovered evidence revealed in deposition testimony secured approximately eight months after the court granted summary judgment. Rule 60(c)(2) provides that, on motion, the court may relieve a party from a final judgment on the basis of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d)."
The trial court denied the motion without comment. A decision to vacate and set aside a judgment is within the sound discretion of the trial court, and we will not disturb the decision absent a clear abuse of discretion. Staffco, Inc. v. Maricopa Trading Co., 122 Ariz. 353, 356, 595 P.2d 31, 34 *54 (1979). Furthermore, "we will affirm the trial court's decision if it is correct for any reason." Rancho Pescado v. Northwestern Mut. Life Ins., 140 Ariz. 174, 178, 680 P.2d 1235, 1239 (App. 1984).
The trial court may have found that with due diligence the new evidence could have been discovered in time to move for a new trial. In a similar case, the trial court entered summary judgment for the employer, and the employee filed a Rule 60(c) motion, asserting that information gained from depositions of his own witnesses taken after entry of judgment created an issue of fact. Ashton v. Sierrita Mining and Ranching, 21 Ariz. App. 303, 304, 518 P.2d 1020, 1021 (1974). This court affirmed the trial court because it properly could have concluded that the delay demonstrated a lack of "due diligence." Id. at 305, 518 P.2d at 1022.
Similarly, the trial court here could have found a lack of due diligence in taking these depositions. All three witnesses, consisting of the instructor for the course, the SRP employee who formulated much of the course content, and the dean of Rio Salado, had been identified in discovery nearly a year before Delbridge's counsel deposed them. Delbridge argues that he could not depose every witness before responding to the motion for summary judgment or filing the motion for new trial. These witnesses, nevertheless, are sufficiently important that the trial court would not have abused its discretion in finding a lack of due diligence in deposing them.
Further, had the court denied the motion on its merits, it would not have abused its discretion. Delbridge learned from depositions that the Fair Labor Standards Act, 29 U.S.C. § 207, and 29 C.F.R. § 785.28 might prohibit SRP from requiring pre-apprentices to attend classes on their own time without pay. Thus, he argued below and on appeal that because it was illegal for SRP to require him to attend a class without pay, his attendance could not be within the course of his employment.
Technical violations of employment law, however, do not negate the exclusivity of the workers' compensation remedy. See S.H. Kress & Co. v. Superior Court of Maricopa County, 66 Ariz. 67, 73, 182 P.2d 931, 935 (1947) (illegal employment of 13-year-old did not affect his status as an employee subject to the workmen's compensation act); see also Boyd v. Permian Servicing Co., Inc., 113 N.M. 321, 825 P.2d 611 (1992); Gaston v. San Ore Constr. Co., Inc., 206 Kan. 254, 477 P.2d 956 (1970). Delbridge's remedy for a violation of federal employment law would be recovery of unpaid wages, not termination of workers' compensation coverage. See 29 U.S.C. section 216(b) (Supp. 1994).
Delbridge also contends that deposition testimony demonstrated that Rio Salado had the right to exercise control over the design, instruction and location of the course, contrary to the trial court's conclusion that SRP had total control over the course. Even if Delbridge's contention were true, it does not alter our conclusion that he attended the class in the course of his employment. A class need not be sponsored, controlled, or offered by the employer for attendance to be in the course of employment. For example, in Johnson Stewart, an equipment manufacturer sponsored the seminar attended by the injured employees. 133 Ariz. at 425, 652 P.2d at 164. In many of the cases from other jurisdictions in which courts found that class attendance occurred in the course of employment, the employer was not the sponsor. See e.g., Courser, 692 P.2d at 418; South Dakota Med. Serv. Inc. v. Minnesota Mut. Fire & Cas. Co., 303 N.W.2d 358, 359 (S.D. 1981); McKeown, 840 P.2d at 1377; Raleigh, 688 S.W.2d at 303. Thus, Rio Salado's control or sponsorship of the course would not alter our conclusion that Delbridge's injuries occurred within the course of his employment.
Finally, Delbridge asserts that deposition testimony showed that the linemen were not required to do the type of free climb that Delbridge was attempting when he fell. Even if Delbridge might not have had to do free climbs up and down the entire pole in his job, the lineman position clearly involved utility pole climbing. Delbridge does not dispute that linemen have to be able to free climb around obstructions on a pole. Therefore *55 free climbing is not so unrelated to Delbridge's job that his injuries could be said to have occurred outside the course of his employment.
CONCLUSION
In summary, the trial court correctly determined that the injuries Delbridge received while attending a training class arose out of and occurred in the course of his employment and that workers' compensation is his exclusive remedy against SRP. We affirm the trial court's grant of summary judgment in favor of SRP. We also find no abuse of discretion in the denial of Delbridge's motion for new trial and motion for relief from judgment.
JACOBSON, P.J., and TOCI, J., concur.
NOTES
[1] In a separate opinion filed this date, this court reverses summary judgment entered on behalf of Maricopa County Community College District and Rio Salado in a civil action brought by plaintiff-appellant Ronald Delbridge to recover for injuries sustained in this same incident. See Delbridge v. Maricopa County Community College Dist., 182 Ariz. 55, 893 P.2d 55 (App. 1994).
[2] The court nevertheless found EAP was not a statutory employer under the tests created by relevant statutes and could not claim exemption from tort liability. Id. 136 Ariz. at 164-65, 665 P.2d at 46-47.
[3] We acknowledge that unlike Johnson Stewart, SRP did not attempt to escape liability for workers' compensation benefits but rather desired to bring Delbridge's injuries within the workers' compensation scheme. This difference, however, does not permit us to avoid the immunity granted to employers by the workers' compensation scheme. We find no authority in the statutes or their interpretation that permits us to give even a severely and permanently injured employee the right to sue in a civil tort action when he has not opted out of coverage before the injuries occurred.
[4] Section 6 states: "The right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation."
[5] Our supreme court rejected an employee's nonknowing waiver argument in Anderson v. Industrial Comm'n, 147 Ariz. 456, 461, 711 P.2d 595, 600 (1985). The court found no constitutional violation under A.R.S. section 23-1024(A) whereby an employee waives any common law tort remedy against his employer by accepting worker's compensation benefits, whether or not the employee understands that he has common law rights or that he is waiving them. In contrast, a worker's tort remedy against third parties requires knowledge and forbids the use of fictions or presumptions to deprive an employee of a tort remedy guaranteed by article 18, section 6 of our state constitution.