NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

*In re Matter of*
SHANAH H. CLARRITT, *Petitioner/Appellee,*

*v.*

KEVIN M. SCOTT, *Respondent/Appellant.*

No. 1 CA-CV 17-0511 FC
FILED 7-26-18

Appeal from the Superior Court in Maricopa County
No. FC2016-007563
The Honorable Pamela Hearn Svoboda, Judge

**AFFIRMED**

COUNSEL

Michael J. Fuller, Attorney at Law, Phoenix
By Michael J. Fuller
*Counsel for Petitioner/Appellee*

Connelly Law Office, PLLC, Mesa
By Lawton Connelly
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Michael J. Brown joined.

---

**T H O M P S O N**, Judge:

¶1        Kevin M. Scott (Scott) appeals from the trial court's denial of his motion to partially set aside a registered child support foreign judgment.  Finding no error, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        Scott and Shanah A. Clarritt's (Clarritt) child was born in 1992.  In 1996, a child support order was entered in New Jersey against Scott in the amount of $100 a week. In 2011, the Jefferson Circuit Court in Louisville Kentucky granted judgment against Scott for the sum of $111,305.57 for unpaid child support and interest.  Specifically, Scott owed $67,700 in delinquent child support and $34,605.57 in interest accrued through June 10, 2010, at the New Jersey court's rate of 10% per annum. The Kentucky court also stated that prejudgment interest from June 10, 2010 to the date of the judgment was likewise compounded at the 10% per annum rate.  It ordered that post-judgment interest would accrue pursuant to Kentucky statute K.R.S. § 360.040 at 12% per annum until satisfied, plus costs.  The Kentucky court awarded no attorneys' fees.  The judge in the Kentucky matter specifically stated that Scott did not appear for the hearing saying he "failed to contact the [court] by phone as instructed."

¶3        On August 22, 2016, Clarritt registered the Kentucky judgment as a foreign support order in the trial court pursuant to A.R.S. § 25-1302.  Scott was advised by the court via mail that he had twenty-days from the date of mailing to contest the validity or enforcement of the registered order. That document stated failure to timely respond "precludes further contest of the order with respect to any matter that could have been asserted."

¶4        On March 1, 2017, one hundred ninety days later, Scott's attorney accepted service of the motion to register the foreign judgment and associated documents, filed a response to the registration in which he primarily disputed the principal and interest calculations, and filed a very

brief motion asking for the court to make findings of fact and conclusions of law – without reference to any particular hearing or ruling. Meanwhile, pursuant to the judgment, Scott's earnings and non-earnings were garnished. He filed an objection to one of the non-earnings garnishments, disputed the accounting balance by asserting the principal had been paid in full with only interest charges remaining, and requested a hearing. He also asserted the interest rates used by the Kentucky Court were incorrect for both pre- and post-judgment interest. A hearing was set for June 2, 2017.

¶5        The minute entry for that hearing indicates discussion was held regarding both earnings and non-earning garnishments and the parties had entered a binding Rule 80(d), Ariz. R. Fam. Law. P., settlement with "full agreement on the issues" and recorded in the transcript. We do not have the transcript detailing what issues were settled with which parties.

¶6        Scott next filed a motion to partially set aside the registered child support judgment and order under Ariz. R. Fam. Law 85 (C)(1)(d). Therein, he asserted the Kentucky judgment used incorrect interest rates making the judgment void "as a matter of law as it lacked jurisdiction to render judgment." Clarritt filed a response to the motion to partially set aside the foreign support judgment and Scott replied. The court denied Scott's motion and signed it pursuant to Rule 81. Scott filed a timely notice of appeal.

DISCUSSION

¶7        On appeal, Scott asserts the Kentucky judgment was void due to errors in the method of calculating pre- and post-judgment interest and, thus, the court lacked jurisdiction to make the order. He further asserts that Arizona has jurisdiction to correct the domesticated foreign support order. We disagree.

¶8        We review a trial court's ruling on a motion to set aside a judgment for an abuse of discretion. *Goglia v. Bodnar*, 156 Ariz. 12, 16 (App. 1987). We will affirm the trial court's denial if it is correct for any reason. *See Delbridge v. Salt River Agric. Improvement & Power Dist.*, 182 Ariz. 46, 54 (App.1994) (citation omitted). Unless the trial court acted arbitrarily, unreasonably, or clearly abused its discretion, "the trial court's refusal to vacate a judgment must stand." *Goglia*, 156 Ariz. at 16. We presume that missing transcripts support the trial court's ruling. *Varco, Inc. v. UNS Electric, Inc.*, 242 Ariz. 166, 169 (App. 2017)

¶9        Legal issues, including whether a decree is void or voidable and the interpretation of court rules, are reviewed de novo. *Duckstein v. Wolf*, 230 Ariz. 227, 231 ¶ 8 (App. 2012). A judgment or order is "void" if the court entering it lacked jurisdiction: (1) over the subject matter, (2) over the person involved, or (3) to render the particular judgment or order entered. *See Matter of Adoption of Hadtrath*, 121 Ariz. 606, 608 (1979). An error of law does not void a judgment.

¶10        Arizona's Uniform Interstate Family Support Act specifies the procedure for registering a foreign support order in Arizona. *See* Ariz. Rev .Stat. §§ 25–1301 to –1308 (2018).[1]  Arizona courts are obligated to enforce a foreign support order "and collect arrears and interest due" on foreign judgments pursuant to A.R.S. § 25-1304(C). Section 25-1307, "Contest of registration or enforcement," sets out eight defenses available to challenge the validity or enforcement of a foreign support judgment.  An erroneous calculation of arrears is not one of the enumerated defenses. Further, the only mention of jurisdiction in the contest statute is of personal jurisdiction – which hasn't been argued by Scott.

¶11        Scott never referred to A.R.S. § 25-1307 in either his appellate briefing or his motion to set aside below.  Rather, he cited to Rule 85 in an attempt to bootstrap the court into correcting Kentucky's alleged erroneous calculation as "void."  *See* Ariz. R. Fam. Law P. 85(C)(1)(d) (authorizing relief from a void judgment).

¶12        Father, however, confuses void judgments and voidable judgments. "It is important to remember that, at least with respect to jurisdiction, 'void' is not synonymous with 'wrong' or 'erroneous.'" *Cockerham v. Zitrach*, 127 Ariz. 230, 235 (1980).  Erroneous judgments—such as arrearage calculations-- are issued by a court with jurisdiction and subject to reversal on timely direct appeal.  *See Id; Stuart v. Winslow Elem. Sch. Dist. No. 1*, 100 Ariz. 375 (1966).

¶13        Section 25–1304 of the Act, a choice-of-law provision, dictates that the law of the issuing foreign jurisdiction governs the nature, extent, and amount of payments, as well as the computation and payment of arrearages.  Scott should have brought any claim he had regarding erroneous arrearage calculations before the Kentucky court; that being the court issuing the allegedly erroneous order.  However, that track would

---

[1] We cite to the current version of any statute unless the statute was amended after the pertinent events and such amendment would affect the result of this appeal.

also most likely be unsuccessful as father failed to timely appear—after notice-- where the judgment was entered nearly eight years ago and he has been making payments upon that judgment since March 2011.

¶14        As to Scotts' claim of a procedural deficiency in the manner Clarritt registered her foreign judgment in this State, to the extent such a deficiency exists it will not bar our courts from enforcing foreign support orders. *Balazic v. Balazic*, 235 Ariz. 588, 589, ¶ 2 (App. 2014).

¶15        We find no error of law or abuse of discretion in the trial court's denial of Scotts' motion to partially set aside the Kentucky judgment.

¶16        As the successful party on appeal, Clarritt requests attorneys' fees pursuant to A.R.S. § 25-324 (2018). An application of that statute requires, in part, an understanding of the financial situations of the parties that we do not have. We therefore deny Clarritt's request.

CONCLUSION

¶17        For the above stated reasons, we affirm the trial court.

