NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ADAM MCADAMS, *Plaintiff/Appellant*,

*v.*

CORIZON HEALTH INC., et al., *Defendants/Appellees*.

No. 1 CA-CV 18-0788
FILED 2-18-2020

Appeal from the Superior Court in Maricopa County
No. LC2017-000197-001
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

COUNSEL

Adam McAdams, Florence
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Mary DeLaat Williams
*Counsel for Defendant/Appellee Elaine Hugunin*

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge David B. Gass joined.

**C R U Z**, Judge:

**¶1** Adam McAdams ("McAdams") appeals the superior court's denial of his request for relief from judgment. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2** This case stems from requests made to the Arizona State Board of Dental Examiners ("Board") for inspection of public records. On two separate occasions, McAdams sent a letter to the Board requesting documents setting forth the standards used to license dentists and dental practitioners. The executive director of the Board, Elaine Hugunin ("Hugunin"), responded both times that the requested information may be found on the Board's website and provided a link to the website, as allowed by Arizona Revised Statutes ("A.R.S.") section 39-121.01(D)(1).[1]

**¶3** McAdams eventually filed a petition for special action in the superior court. McAdams alleged Hugunin instructed him to file a special action before the Board would honor his request.[2] In his second request, McAdams said the Board must disclose the information under Federal Rule

---

[1] Under A.R.S. § 39-121.01(D)(1), "[a]ny person may request . . . any public record not otherwise available on the public body's website to the requesting person."

[2] Pursuant to A.R.S. § 39-121.02(A):

Any person who has requested to examine or copy public records pursuant to this article, and who has been denied access to or the right to copy such records, may appeal the denial through a special action in the superior court, pursuant to the rules of procedure for special actions against the officer or public body.

of Civil Procedure 34 because it was relevant to pending litigation in federal court. This rule allows a party to request certain documents from another party. *See* Fed. R. Civ. P. 34(a). Rather than directing McAdams to file a special action, the record shows Hugunin said that because the Board was not a party to the litigation, "we will treat your letter as a public records request under A.R.S. § 39-121." Hugunin then provided the website where McAdams could locate the information.

**¶4**      After filing the special action, counsel for the Board learned McAdams had restricted internet access as an inmate and he was unable to obtain the information from the Board's website. Having learned for the first time of McAdams' restricted access, Hugunin mailed the information to McAdams at no cost. Hugunin then moved to dismiss the special action because the Board provided the information to McAdams and there was no denial of access that warranted a special action. McAdams did not oppose Hugunin's request to dismiss the special action but moved to have his court fees and costs waived.

**¶5**      The superior court found McAdams was required to pay his court fees and costs under A.R.S. § 12-302(E) and dismissed the case with prejudice because McAdams obtained the records from the Board.

**¶6**      McAdams filed a motion for relief from judgment under Arizona Rule of Civil Procedure ("Rule") 60(b). McAdams argued: (1) a special action cannot be dismissed with prejudice; (2) the court erred in not waiving his court fees and costs; (3) his court fees and costs were erroneously calculated; and (4) recent news stories alleging Hugunin engaged in misconduct constituted newly discovered evidence, entitling McAdams to relief from judgment. Finding McAdams' claims of misconduct were not relevant to his requests for public records and A.R.S. § 12-302(E) expressly requires an inmate to pay civil court fees and costs, the superior court denied McAdams' motion for relief.

**¶7**      McAdams timely appealed the denial of his motion for relief from judgment, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(2).

## DISCUSSION

**¶8**      The superior court may grant relief from judgment for six different reasons:

      (1)    mistake, inadvertence, surprise, or excusable neglect;

(2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)(1);

(3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party;

(4)     the judgment is void;

(5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)     any other reason justifying relief.

Ariz. R. Civ. P. 60.  "These matters . . . rest entirely within the trial court's discretion and will not be overturned on appeal unless a clear abuse of discretion has been shown." *Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 308 (1983).  Our review of an order denying relief from judgment is limited to the issues raised therein and does not extend to the underlying judgment.[3] *See Ruesga v. Kindred Nursing Ctrs., LLC*, 215 Ariz. 589, 599, ¶ 38 (App. 2007) (citing *Hirsch*, 136 Ariz. at 311).

**¶9**     McAdams asserts the superior court made three legal errors in its judgment.  He asserts he should be relieved from the judgment because the superior court cannot dismiss a special action with prejudice, his fees should have been waived under A.R.S. § 12-302(D), and  the fees assessed were erroneously calculated.  McAdams failed to move for reconsideration or to appeal from the judgment following the superior court's dismissal and imposition of fees.  Because these arguments go beyond the motion for relief from judgment and attempt to challenge the underlying judgment, we have no jurisdiction to address them.  "It is established that [Rule 60(b)] is not an alternative to filing an appeal or to other procedures for obtaining review of erroneous legal rulings." *See Craig v. Superior Court*, 141 Ariz. 387, 388 (App. 1984) (citation omitted); *see also Budreau v. Budreau*, 134 Ariz. 539, 541 (App. 1982) ("[Rule 60(b)] cannot be used as a substitute for appeal to relitigate issues which have already been

---

[3]     McAdams cites multiple cases, constitutional provisions, statutes, and rules, some of which are wholly inapplicable to the case at bar and others for which are not accompanied by argument.  To the extent his points may have been considered arguments advanced on appeal, we deem them waived.  *See State v. Carver*, 160 Ariz. 167, 175 (1989).

finally determined."). McAdams may not now seek review or correction of legal errors under Rule 60(b). *See Tippit v. Lahr*, 132 Ariz. 406, 408 (App. 1982).

**¶10** McAdams also claims the superior court entered the judgment without considering newly discovered evidence. An allegation of error without more may be deemed waived on appeal. *See State v. Moody*, 208 Ariz. 424, 459, ¶ 145 n.11 (2004). Nevertheless, in the exercise of our discretion we address the issue of whether newly discovered evidence should have been considered by the superior court.

**¶11** In his motion for relief, McAdams cited news articles that alleged the Board certified a doctor who provided false credentials even though Hugunin was aware of this information. "A judgment will not be reopened if the evidence . . . would not have changed the result." *Ashton v. Sierrita Mining and Ranching*, 21 Ariz. App. 303, 305 (1974) (internal quotation marks omitted). McAdams asserts this newly discovered evidence would have probably changed the superior court's ruling. The superior court found that, even if true, the news articles had no bearing on the issues raised in McAdams' petition for special action. McAdams' special action sought relief in the manner of disclosure of certain public records. After receiving disclosure of the public records as requested McAdams was not entitled to any further relief under the special action for such records; therefore, the superior court properly dismissed the petition. We must affirm on this basis.

## CONCLUSION

**¶12** We affirm the superior court's denial of McAdams' request for relief from judgment.

