FILED BY CLERK

APR 22 2011

COURT OF APPEALS
DIVISION TWO

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| VILLA DE JARDINES ASSOCIATION, an Arizona nonprofit corporation, | ) ) ) | 2 CA-CV 2010-0177 DEPARTMENT B |
| Plaintiff/Appellant, | ) ) | O P I N I O N |
| v. | ) ) | |
| FLAGSTAR BANK, FSB, a subsidiary of Flagstar Bancorp, a banking association; and FEDERAL NATIONAL MORTGAGE ASSOCIATION aka FREDDIE MAC, a congressionally chartered corporation, | ) ) ) ) ) ) ) | |
| Defendants/Appellees. | ) ) | |

APPEAL FROM THE SUPERIOR COURT OF PINAL COUNTY

Cause No. CV200902335

Honorable William J. O'Neil, Judge

AFFIRMED

Maxwell & Morgan, P.C.
  By Charles E. Maxwell, Paul R. Neil,
  Chad M. Gallacher, and Brian Morgan                           Mesa
                                        Attorneys for Plaintiff/Appellant

Ramras Law Offices, P.C.
  By David N. Ramras                                          Phoenix
                                      Attorneys for Defendants/Appellees

K E L L Y, Judge.

¶1 Appellant/plaintiff Villa de Jardines Association (VJA) appeals the trial court's order granting summary judgment in favor of appellees/defendants Flagstar Bank, FSB, and Federal National Mortgage Association,[1] also known as Freddie Mac (jointly referred to as the Banks, separately referred to as Flagstar and Freddie Mac, respectively), based on the priority of their liens. VJA also challenges the court's imposition of sanctions against it under Rule 11, Ariz. R. Civ. P., and the denial of its motions for new trial and to reconsider/vacate the judgment.[2] Additionally, VJA argues the court abused its discretion in denying its request for attorney fees below. Finding no error, we affirm.

**Background**

¶2 "On appeal from a grant of summary judgment, we view all facts and reasonable inferences therefrom in the light most favorable to the party against whom judgment was entered." *Bothell v. Two Point Acres, Inc.*, 192 Ariz. 313, ¶ 2, 965 P.2d 47, 49 (App. 1998). In 2009, VJA filed a complaint in superior court seeking judicial

---

[1]VJA named Federal Home Loan Corporation in its complaint. In its application for entry of default it requested that default be entered against "Federal National Mortgage Corporation, whose true name is Federal Home Loan Mortgage Corporation aka Freddie Mac." This entity refers to itself as Federal National Mortgage Association, and we therefore use that name.

[2]In its opening brief, VJA also challenges the denial of its combined motion for reconsideration and to vacate the judgment. Because VJA's notice of appeal does not state that it is appealing from the trial court's ruling on the combined motion, we have no jurisdiction to review the court's ruling. *See Premier Fin. Servs. v. Citibank*, 185 Ariz. 80, 87, 912 P.2d 1309, 1316 (App. 1995) (no jurisdiction to review rulings not contained in notice of appeal).

foreclosure of liens it claimed against nineteen parcels of real property in Pinal County.

VJA alleged it was entitled to foreclose because:

> The CC&R's [(Covenants, Conditions and Restrictions)], Bylaws and Articles of Incorporation of the Plaintiff Association, as well as Arizona statute, provide that all past due amounts owed the Association are secured by a lien against the Property, which was perfected upon recordation of the CC&R's, and also are the personal obligation of the person(s) owning the Property at the time the amounts are assessed against the Property.

VJA also alleged that defendants Charles Mannino and his wife; Freddie Mac; Desert Hills Bank; Countrywide Home Loans, Inc.; and Flagstar "claim or assert some right, title, interest, estate, or lien in or to the Property . . . [and any such right] is subsequent, subordinate and inferior to the rights and lien of the [VJA]."

**¶3**        Desert Hills Bank and Countrywide Home Loans "failed to plead or otherwise defend" against the complaint, and default was entered against them. *See* Rule 55(a), Ariz. R. Civ. P. The Banks filed a joint answer in which they requested dismissal of VJA's complaint.[3] Subsequently, the Banks filed a motion for summary judgment, which the court granted following a hearing. In its judgment, the court found no just reason for delay and directed immediate entry of judgment in accordance with Rule 54(b), Ariz. R. Civ. P.

---

[3]The Manninos also filed a separate answer to VJA's complaint.

¶4        VJA filed a motion for new trial pursuant to Rule 59(a)(1), (5) and (8), Ariz. R. Civ. P., which it attempted to amend orally to include additional grounds. The trial court denied the motion, and this appeal followed.

**Discussion**

**I.        Summary Judgment**

¶5        VJA argues the trial court "erred as a matter of law" in granting the Banks' motion for summary judgment.  "A trial court properly grants summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Airfreight Express Ltd. v. Evergreen Air Ctr., Inc*., 215 Ariz. 103, ¶ 19, 158 P.3d 232, 239 (App. 2007).  We review de novo the court's determination whether there are genuine issues of material fact and its application of law. *Id.*

¶6        The trial court concluded correctly that the material facts here were not disputed.   Therefore, the court's grant of summary judgment was proper if it also correctly interpreted and applied the law. *See id.*  VJA argues "[t]he lien statute at issue, A.R.S. § 33-1807, favors the Association's foreclosure action.   At worst, the statue is subject to differing reasonable interpretations."  We disagree.

¶7        Section 33-1807(B) provides as follows:

> A lien for [planned community association] assessments, for charges for late payment of those assessments, for reasonable collection fees and for reasonable attorney fees and costs incurred with respect to those assessments under this section is prior to all other liens, interests and encumbrances on a unit except:

4

1. Liens and encumbrances recorded before the recordation of the declaration.

2. A recorded first mortgage on the unit, a seller's interest in a first contract for sale . . . on the unit recorded prior to the lien arising . . . or a recorded first deed of trust on the unit.

3. Liens for real estate taxes and other governmental assessments or charges against the unit.

In interpreting statutes "our goal is to 'fulfill the intent of the legislature.'" *Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996), *quoting State v. Williams*, 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993). We first look to the language of the statute and give the words used their plain meaning, unless context demands otherwise. *City of Tucson v. Clear Channel Outdoor, Inc.*, 209 Ariz. 544, ¶ 71, 105 P.3d 1163, 1178 (2005). Only if the plain meaning of the statute is unclear will we consider other factors such as legislative history. *Hobson v. Mid-Century Ins. Co.*, 199 Ariz. 525, ¶ 8, 19 P.3d 1241, 1245 (App. 2001). Further, we construe statutes so as to give effect to the whole and presume that "'the legislature does not include in statutes provisions which are redundant, void, inert, trivial, superfluous or contradictory.'" *Vega v. Morris*, 184 Ariz. 461, 463, 910 P.2d 6, 8 (1996), *quoting Vega v. Morris*, 183 Ariz. 526, 530, 905 P.2d 535, 539 (App. 1995).

¶8 Despite VJA's assertion otherwise, the meaning of § 33-1807 is clear and unambiguous and the record reflects that the trial court based its ruling solely on the statute's provision that assessment liens are superior except to "a recorded first deed of trust on the unit." § 33-1807(B)(2). VJA's assertion that a deed of trust can only be a

5

"'first deed of trust' by being first-in-time . . . recorded prior to any other lien interest," contradicts the statute's plain language. Applying such an interpretation would render § 33-1807(B)(2) superfluous. Because § 33-1807(B)(1) provides priority to all encumbrances recorded prior to assessment liens, there would be no need for the legislature to list separately "first deed[s] of trust," if they must be recorded first to have priority over assessment liens.

¶9 VJA next argues the trial court erred in entering judgment as to all defendants and all parcels listed in the complaint, including those for which the Banks did not hold first deeds of trust. VJA contends the judgment was "overly-broad and improper," and provided a windfall to the Banks—who had an interest in only seven parcels—because it addressed all nineteen parcels. VJA apparently misunderstands the effect of the court's judgment. The court's summary judgment as to the Banks does not apply to the other defendants. Although the court's order states "the deeds of trust recorded in the office of the County Recorder of Pinal County . . . are prior and superior to any lien of [VJA] against [the parcels identified in VJA's complaint,]" this language does not give the Banks any interest in parcels held by other defendants. The order cannot be characterized as a windfall to the Banks because the Banks received no benefit.

¶10 We disagree that the trial court "overstepped its bounds." In a confusing argument, VJA maintains the court erred in entering judgment as to all defendants because the Banks had no standing to pursue relief on behalf of third parties and that it never sought to represent any of the other defendants. But, the Banks did not seek relief

6

on behalf of others nor did the judgment grant such relief. The only authority VJA provides in support of its position is *Fernandez v. Takata Seat Belts*, *Inc.*, 210 Ariz. 138, ¶ 6, 108 P.3d 917, 919 (2005). In that case, our supreme court concluded a plaintiff in a class-action lawsuit who had no injury "'fairly traceable to'" defendants' conduct had "no standing to bring an individual claim against [the defendants]," and therefore could not represent the class. *Id.* ¶¶ 7, 10. Here, because the Banks never sought to represent any of the other defendants, we find this authority unpersuasive.

¶11 To the extent VJA argues the trial court was without authority to enter judgment as to the parcels for which default had been entered, the record does not support this argument. Although VJA had obtained entries of default against Desert Hills and Countrywide, nothing in the record indicates it obtained a judgment against these defendants. Further, VJA was not entitled to default judgments on these claims as a matter of law. Therefore, we cannot say the court erred by referring in its judgment to all parcels described in VJA's complaint, rather than just those addressed by the Banks in their motion for summary judgment.

## II. Rule 11 Sanctions

¶12 VJA next argues the trial court "erroneously awarded" sanctions under Rule 11, Ariz. R. Civ. P. We review an award of attorney fees under Rule 11 for an abuse of

discretion.  *State v. Shipman*, 208 Ariz. 474, ¶ 3, 94 P.3d 1169, 1170 (App. 2004).[4]  As VJA correctly points out, whether the basis for awarding fees is proper is an issue of law that we review de novo.  *Id.*; *Barrow v. Ariz. Bd. of Regents*, 158 Ariz. 71, 80, 761 P.2d 145, 154 (App. 1988).

¶13        Rule 11 requires that all pleadings, motions, and papers filed with the court be signed by an attorney of record if the party is represented.  The signature serves as verification

> that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry [the document] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose.

Ariz. R. Civ. P. 11(a).  When a pleading is signed in violation of this rule, the court is required to impose sanctions "upon the person who signed it, a represented party, or both," *id.*, "'when:  (1) there was no reasonable inquiry into the basis for a pleading or motion; (2) there was no chance of success under existing precedent; and (3) there was no reasonable argument to extend, modify or reverse the controlling law,'" *Wolfinger v. Cheche*, 206 Ariz. 504, ¶ 29, 80 P.3d 783, 789 (App. 2003), *quoting Smith v. Lucia*, 173 Ariz. 290, 297, 842 P.2d 1303, 1310 (App. 1992).  VJA argues that "[n]one of these three elements [was] satisfied, let alone all three."  Again, we disagree.

---

[4]VJA does not appear to challenge the amount of sanctions awarded.  We therefore do not address the issue.  *Solimeno v. Yonan*, 224 Ariz. 74, ¶ 42, 227 P.3d 481, 490 (App. 2010) (trial court has discretion to set amount of sanctions award).

¶14 Rule 11 requires that attorneys have "a good faith belief, formed on the basis of . . . reasonable investigation, that a colorable claim exists." *Boone v. Superior Court*, 145 Ariz. 235, 241, 700 P.2d 1335, 1341 (1985) (emphasis omitted). "The good faith component of Rule 11 is not based on whether an attorney subjectively pursues claims in good faith, but instead is judged on an objective standard of what a professional, competent attorney would do in similar circumstances . . . ." *Standage v. Jaburg & Wilk, P.C.*, 177 Ariz. 221, 230, 866 P.2d 889, 898 (App. 1993).

¶15 The Banks sought Rule 11 sanctions on the ground that "a professional, competent attorney could not reasonably argue that an [assessment] lien can foreclose a first deed of trust in the State of Arizona." The trial court determined sanctions were appropriate because there was "no statutory basis or any extension of statute that would lead counsel to presume that Plaintiff had priority over a first deed of trust filed by the Bank[s]."

¶16 VJA argues there was no Rule 11 violation because it was entitled to rely on a title company-issued litigation guarantee VJA had purchased that it asserts shows its liens have priority. It also contends no "existing precedent" interprets § 33-1807, and that it "ha[d] successfully argued the lien priority issue" in similar cases.[5] We are not

---

[5]Although VJA argues the "Banks have never persuasively shown that no reasonable argument exists to extend, modify, or reverse controlling law," it provides no authority that the Banks had any burden to do so. And, VJA has not directed us to any place in the record where it argued for an extension or modification of law. *See* Ariz. R. Civ. App. P. 13(a)(6); *Bennett v. Baxter Group, Inc.*, 223 Ariz. 414, ¶ 11, 224 P.3d 230,

9

persuaded that any of these arguments establish that VJA's pursuit of this action was objectively reasonable. *Wolfinger*, 206 Ariz. 504, ¶ 61, 80 P.3d at 796 (finding no violation of Rule 11 when "objectively reasonable basis" exists for "counsel's filing and pursuit"). As discussed above, the language in § 33-1807 is clear and unambiguous. Yet, both here and below, VJA bases its arguments on an interpretation of the statute that is contrary to its plain language. *See Clear Channel Outdoor, Inc.*, 209 Ariz. 544, ¶ 71, 105 P.3d at 1178 ("we must interpret [a] statute according to its plain meaning").

¶17 Even assuming the litigation guarantee states that VJA's liens are superior to the Banks' deeds of trust, a litigation guarantee does not trump the law of the state.[6] It only insures VJA against loss "by reason of any incorrectness in the assurance." There is no dispute VJA was entitled to rely on the guarantee to guide its determination of the necessary parties to its foreclosure action.[7] VJA, however, could not rely exclusively on this document to avoid Rule 11's requirement that it conduct a reasonable inquiry to determine whether its pleading was well-grounded or to argue that the guarantee

---

234 (App. 2010) (to avoid waiver, claim must be supported by argument and citation to authority).

[6]VJA asserts that because the parties dispute the meaning of the litigation guarantee, there is a dispute of material fact which precludes summary judgment. But the interpretation of the legal effect of a document is a question of law, not fact. *See McDaniel & Assocs. v. Merodias Constr. Co.*, 120 Ariz. 246, 248, 585 P.2d 266, 268 (App. 1978) ("The interpretation of an instrument is a question of law . . . .").

[7]The Banks requested sanctions due to VJA's positions in its response and cross-motion on summary judgment, not its initial complaint.

superseded the statute. *See Standage*, 177 Ariz. at 230, 866 P.2d at 898 (for purposes of Rule 11 certification, counsel obligated to re-evaluate client's position as case develops).

¶18 VJA also complains the legislative history of § 33-1807 was not raised by the Banks until they replied to VJA's cross-motion for summary judgment. We agree with the Banks, however, that their reference to statutory history in their reply was not a new argument; rather it rebutted VJA's erroneous interpretations of the statute. In fact, until VJA attempted to urge a meaning of the statute that contradicted its plain language, there was no need to examine legislative history.

¶19 VJA's argument that no precedent exists is similarly unpersuasive. The trial court properly relied upon the plain language of the statute in determining that VJA's position was not objectively reasonable. VJA did not argue the statute was ambiguous or present an argument for modification of existing law. Rather, it pressed an interpretation of the statute unsupported by any authority and apparently failed to recognize any incongruity with its position and the law. *See Wolfinger*, 206 Ariz. 504, ¶ 29, 80 P.3d at 789.

### III. Motion for New Trial

¶20 VJA next argues the trial court erred by denying its motion for a new trial. It first asserts the court erred by not allowing it to orally amend the motion and by issuing its ruling before VJA could file a written motion to amend. "We review the denial of a motion to amend for an abuse of discretion." *Dube v. Likins*, 216 Ariz. 406, ¶ 24, 167 P.3d 93, 102 (App. 2007). We review a trial court's interpretation of procedural rules de

11

novo. *Perguson v. Tamis*, 188 Ariz. 425, 427, 937 P.2d 347, 349 (App. 1996). VJA also contends the court erred in denying its motion for a new trial on the merits. We will not disturb a trial court's ruling on a motion for new trial unless the court has abused its discretion.[8] *Delbridge v. Salt River Project Agric. Improvement & Power Dist.*, 182 Ariz. 46, 53, 893 P.2d 46, 53 (App. 1994).

¶21      At the hearing on its motion for a new trial, VJA attempted to orally amend the motion. VJA argues, as it did below, that because Rule 59(c)(1), Ariz. R. Civ. P., "provides that a motion for new trial 'may be amended at any time before it is ruled upon by the court,'" it "was entitled as a matter of law to amend its motion for new trial." At the hearing, the trial court initially stated that oral amendments were not permitted under the rule and denied the motion to amend. When VJA's counsel continued to argue matters not included in its original motion, the court directed, "Put it in writing. Why don't you amend your motion, put it in writing" and allowed five days for VJA to amend its motion.

¶22      Before VJA filed its motion to amend, the trial court issued its ruling on the motion for a new trial. In its ruling, the court withdrew its leave to amend and explained

---

[8]VJA cites *Arizona Department of Revenue v. Action Marine, Inc.*, 215 Ariz. 584, ¶ 5, 161 P.3d 1248, 1249 (App. 2007), *vacated* 218 Ariz. 141, ¶¶ 28, 31, 181 P.3d 188, 193-94 (2008), for the proposition that we review "[t]he denial of a new trial following the grant of summary judgment . . . *de novo*." But "[v]acated cases have no precedential value." *Wertheim v. Pima County*, 211 Ariz. 422, n.2, 122 P.3d 1, 5 n.2 (App. 2005). We are unable to locate any other authority for this proposition, and therefore apply the abuse of discretion standard. *Delbridge v. Salt River Project Agric. Improvement & Power Dist.*, 182 Ariz. 46, 53, 893 P.2d 46, 53 (App. 1994).

that during the hearing it had no copy of the rule, had been quoted only part of the rule by VJA's counsel, and therefore had "considered allowing an opportunity . . . to amend the Motion for New Trial in writing[, but] . . . now having read the entire sentence of the rule . . . affirm[s] the prior ruling denying the Motion to Amend."[9]

¶23      Rule 59(c)(1) provides "[t]he motion for new trial shall be in writing, shall specify generally the grounds upon which the motion is based, and may be amended at any time before it is ruled upon by the court."  VJA argues the rule does not mandate amendments to an existing motion be in writing.  Yet, the rule clearly requires the original motion be in writing.  Ariz. R. Civ. P. 59(c)(1).  Allowing parties to amend a motion for a new trial orally undermines the requirement of the rule that such motions be in writing.  Furthermore, adopting VJA's interpretation would encourage gamesmanship—allowing parties to argue one ground in the motion itself and then "surprise" opposing counsel and the court with new and different arguments on the day of hearing.  *See* Ariz. R. Civ. P. 59(a)(3) ("surprise" constitutes ground to vacate judgment or grant new trial); *cf. U-Totem Store v. Walker*, 142 Ariz. 549, 552, 691 P.2d 315, 318 (App. 1984) (discovery rules applied to "facilitate identifying the issues, promote justice, . . . avoid surprise, and prevent the trial . . . from becoming a guessing game").  Therefore, the trial court did not err in refusing to allow VJA to orally amend its motion for a new trial.  In addition, no harm resulted from the court's reversal of its decision.

---

[9]The trial court described VJA's position regarding Rule 59(c) as "misleading" but declined to impose further sanctions.

13

The court made clear that although it was denying the motion to amend, it had "on its own initiative under Rule 59[(g), Ariz. R. Civ. P.,] reviewed the entire file to determine if it could find error and f[ound] none."

¶24 VJA asserts the trial court abused its discretion in denying its motion for a new trial for the same reasons it argues the court improperly granted summary judgment. Because we have already discussed these contentions at length, we decline to do so again here. For the same reasons we determined the court did not err in granting summary judgment, we conclude it did not abuse its discretion in denying the motion for a new trial.

## IV.  Attorney Fees

¶25 Finally, VJA contends the trial court erred by denying its request for attorney fees. It argues the court improperly found the Banks the prevailing party and that VJA was entitled to fees under the CC&Rs and A.R.S. §§ 12-341.01 and 33-1807(H). We review the grant or denial of attorney fees for an abuse of discretion. *Hale v. Amphitheater Sch. Dist. No. 10*, 192 Ariz. 111, ¶ 20, 961 P.2d 1059, 1065 (App. 1998). "We will not disturb the trial court's discretionary award of fees if there is any reasonable basis for it." *Id.* Section 33-1807(H) provides "[a] judgment or decree in any action brought under this section[, which addresses the priority of planned community assessment liens,] shall include costs and reasonable attorney fees for the prevailing party." Here, the court properly found the Banks were the prevailing parties because it had granted their motion for summary judgment, finding they were "entitled to Judgment

14

as a matter of law." It therefore did not err in granting fees to the Banks or in rejecting VJA's request for fees.

¶26 Pursuant to Rule 21, Ariz. R. Civ. App. P., both parties request attorney fees on appeal under § 33-1807(H) and § 12-341.01. Pursuant to § 33-1807(H), as the prevailing party on appeal, the Banks are entitled to reasonable attorney fees. Additionally, the Banks assert a claim for fees as sanctions under Rule 11[10] and for VJA's filing a frivolous appeal under Rule 25, Ariz. R. Civ. App. P. Rule 25 provides "[w]here the appeal is frivolous . . . the appellate court may impose upon the offending attorneys or parties . . . reasonable penalties or damages." We impose sanctions under Rule 25 only "'with great reservation,'" *Ariz. Tax Research Ass'n v. Dep't of Revenue*, 163 Ariz. 255, 258, 787 P.2d 1051, 1054 (1989), and we decline to do so when "the issues raised are supportable by any reasonable legal theory, or if a colorable legal argument is presented about which reasonable attorneys could differ." *In re Levine*, 174 Ariz. 146, 153, 847 P.2d 1093, 1100 (1993).

¶27 Because VJA has failed to present a colorable legal argument to support its interpretation of § 33-1807, the Banks are entitled to attorney fees pursuant to Rule 25. We award the Banks attorney fees and taxable costs incurred on appeal pursuant to § 33-1807(H) and, in our discretion pursuant to Rule 25, as sanctions against both VJA and its

---

[10]Rule 11 is not a proper basis for an award of attorney fees on appeal. *See* Ariz. R. Civ. P. 1 (The Arizona Rules of Civil Procedure "govern the procedure in the superior courts of Arizona.").

15

counsel. *Ariz. Tax Research Ass'n*, 163 Ariz. at 257, 787 P.2d at 1053 (Rule 25 gives appellate court discretion to sanction frivolous appeal). Therefore, contingent on their compliance with Rule 21, Ariz. R. Civ. App. P., the Banks are entitled to their attorney fees and costs on appeal.[11]

**Disposition**

**¶28** The trial court's orders granting the Banks' motion for summary judgment and denying VJA's motion for a new trial are affirmed. We also affirm the trial court's award of sanctions/attorney fees.

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge

CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Judge

---

[11]Because we award the Banks attorney fees under § 13-1807(H) and Rule 25, we do not address whether an award of fees under § 12-341.01(C) is appropriate.