NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

SURPRISE FARMS COMMUNITY ASSOCIATION, *Plaintiff/Appellee,*

*v.*

RANDOLPH D. OAKMAN, *Defendant/Appellant.*

No. 1 CA-CV 16-0467
FILED 6-8-2017

———————————————

Appeal from the Superior Court in Maricopa County
No. CV 2015-050969
The Honorable Aimee L. Anderson, Judge

**AFFIRMED**

———————————————

COUNSEL

Randolph D. Oakman, Surprise
*Defendant/Appellant*

Stratman Law Firm PLC, Phoenix
By Troy B. Stratman, Emily H. Mann
*Counsel for Plaintiff/Appellee*

## MEMORANDUM DECISION

Judge Margaret H. Downie delivered the decision of the Court, in which Acting Presiding Judge Peter B. Swann and Judge Maria Elena Cruz joined.

D O W N I E, Judge:

**¶1**        Randolph D. Oakman appeals from a judgment and decree of foreclosure and order of sale, as well as from the denial of his motions to set aside.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        Oakman owns real property in Surprise that is subject to a Declaration of Covenants, Conditions and Restrictions (the "Declaration"). Pursuant to the Declaration, Oakman was obligated to pay assessments to Surprise Farms Community Association (the "Association"). In 2015, the Association filed a civil complaint against Oakman, alleging claims for breach of contract and foreclosure.

**¶3**        The Association moved for summary judgment.  Oakman filed a response that did not comply with Arizona Rule of Civil Procedure 56, stating in conclusory fashion that the Association lacked a valid lien and had erroneously calculated the amounts he owed.  The superior court granted summary judgment to the Association "on liability," but concluded there were "material questions of fact as to damages (including the amount of reasonable attorney fees) and the amount of the lien."

**¶4**        Several months later, the Association moved for summary judgment on the remaining issue of damages.  Oakman again filed a response that did not comply with Rule 56, and he submitted no statement of facts or evidence controverting the Association's properly documented motion.[1] *See GM Dev. Corp. v. Cmty. Am. Mortg. Corp.,* 165 Ariz. 1, 5 (App.

---

[1]        The Association's damage itemizations were not accompanied by a foundational affidavit.  Oakman, though, admitted that he "failed to pay assessments due [to] the HOA" and did not challenge the Association's

1990) (if party opposing motion for summary judgment fails to present, either by affidavit or other competent evidence, facts that controvert moving party's evidence, facts alleged by the moving party may be considered as true). After oral argument, the superior court granted the Association's motion. Oakman filed motions to set aside that were denied. Oakman timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶5          "On appeal from a grant of summary judgment, we view all facts and reasonable inferences therefrom in the light most favorable to the party against whom judgment was entered." *Villa De Jardines Ass'n v. Flagstar Bank, FSB*, 227 Ariz. 91, 94, ¶ 2 (App. 2011). We will affirm "if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Id.* at 94–95, ¶ 5.

¶6          Oakman contends the Association's failure to notify and join the first mortgage holder prevents foreclosure. In rejecting this same contention, the superior court ruled:

> Defendant argues that the June 13, 2016 Judgment must be set aside because the existence of a first mortgage on Defendant's Property prevents the Plaintiff from foreclosing its assessment lien against Defendant's property pursuant to A.R.S. §33-1807. Defendant is mistaken. The existence of a first mortgage on Defendant's property does not prevent Plaintiff from foreclosing its assessment lien.
>
> Pursuant to A.R.S. §33-1807(A), Plaintiff may foreclose its assessment lien against Defendant's property in the same manner as a mortgage on the property. Moreover, pursuant to A.R.S. §33-1807(B), Plaintiff's lien against Defendant's property is inferior to a recorded first mortgage, if any, that may be attached to the property. Therefore, the individual or entity who purchases Defendant's property at the Sheriff's sale, whether it be Plaintiff, or an unrelated third

_____

calculations when opposing the motion for summary judgment. Oakman does not challenge the damage calculations on appeal either.

3

party, will take title to the property in question subject to any first mortgage on the property.

We agree with the superior court.

¶7 The existence of a first mortgage does not prevent the Association from foreclosing. Section 33-1807(A) states that an association's lien for assessments and related charges "may be foreclosed in the same manner as a mortgage on real estate." And pursuant to A.R.S. § 33-1807(B)(2), an association's lien is "prior to all other liens" *except* a "recorded first mortgage on the unit." The Association has repeatedly acknowledged that its lien is inferior to a recorded first mortgage. Oakman's reliance on *Villa De Jardines*, 227 Ariz. at 94, 96–97, ¶¶ 2, 15, and *Cypress on Sunland Homeowners Ass'n v. Orlandini*, 227 Ariz. 288, 292, ¶¶ 4–6 (App. 2011), is unavailing. The homeowners' associations in those cases named the first mortgage holders as defendants, asserting that they were subordinate to the assessment liens. The Association here has made no such claim.[2]

¶8 Finally, Oakman argues the Association perpetrated a fraud on the court because its "attorneys did not present a 'legitimate' legal argument supporting the [Association's] position and therefore, as a matter of law, committed a fraud upon the court." This argument is meritless, as the Association's legal position was, in fact, correct.

## CONCLUSION[3]

¶9 For the foregoing reasons, we affirm the judgment of the superior court. The Association has requested its attorneys' fees and costs on appeal pursuant to the Declaration and A.R.S. § 12-341.01. The Association is entitled to recover its taxable costs on appeal, as well as

---

[2] The Association's amended complaint named three defendants with allegedly inferior liens against the property, none of whom are the first mortgage holder.

[3] We do not separately address rulings on Oakman's motion to set aside the superior court judgment because it raised the same arguments we have discussed and rejected *supra*. And in the context of this litigation, the superior court lacked jurisdiction to vacate judgments issued by the justice courts in separate matters.

reasonable attorneys' fees, upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA