NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JUDITH VINCENT BROWN, *Plaintiff/Appellant*,

*v.*

THE BANK OF NEW YORK MELLON, et al., *Defendants/Appellees*.

No. 1 CA-CV 21-0504
FILED 7-5-2022

Appeal from the Superior Court in Maricopa County
No.  CV2020-050262
The Honorable Sara J. Agne, Judge

**AFFIRMED**

COUNSEL

Teresa H. Foster PLLC, Phoenix
By Teresa H. Foster
*Counsel for Plaintiff/Appellant*

Klinedinst PC, San Diego, CA
By Teresa M. Beck, Neeru Jindal
*Co-Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Brian Y. Furuya joined.

---

**P E R K I N S**, Judge:

¶1        In a last-ditch effort to prevent her home's foreclosure, Judith Brown appeals the superior court's order denying her relief. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        Brown borrowed nearly $1 million in May 2004 to buy her Paradise Valley home. She defaulted on that loan and declared Chapter 11 bankruptcy eight years later. Brown then declared Chapter 13 bankruptcy in 2019 and still owes the Bank of New York Mellon ("Bank") for mortgage payments from July 2012 forward.

¶3        In January 2020, Brown sued the Bank for unjust enrichment and sought declaratory relief to claim credit for supposed bankruptcy bond payments made toward her loan balance. She also sought injunctive relief to halt her home's foreclosure. The superior court issued a temporary restraining order preventing a trustee's sale and requiring Brown to post a $752,000 cash bond.

¶4        In April 2021, the superior court held a consolidated evidentiary hearing on Brown's request for a preliminary injunction and the trial on the merits of Brown's amended complaint. Brown denied defaulting on her loan and instead claimed she did not know who to pay. She claimed she paid $22,000 toward her loan since May 2012 but admitted she did not send those payments to her loan servicer. As it turns out, Brown confused a cash bond she posted under the temporary restraining order with a "bankruptcy bond" that supposedly reduced her loan's principal balance. When asked whether she had seen the bankruptcy bond, Brown replied, "I don't think so. I don't know."

¶5        Brown attempted to qualify her other witness, William McCaffrey, as a financial expert. But because Brown failed to properly disclose McCaffrey as an expert, *see* Ariz. R. Civ. P. 26.1, the court did not allow him to give expert opinions. McCaffrey testified as a fact witness that

he received monthly reports from the Bank's "investor portal," showing Brown's declining principal loan balance. He agreed the reports he received did not reference a bankruptcy bond, but he was "very confident that [a] bankruptcy bond is what's reducing these payments over the last several years."

¶6            During McCaffrey's testimony, Brown objected to Exhibit 28, which included the Bank's responses to Brown's requests for admission. Brown argued the Bank's responses were untimely and it had thus admitted her assertion that a bankruptcy bond reduced her principal loan balance. But Brown served her requests by email, and the Bank did not consent to service by email. *See* Ariz. R. Civ. P. 5(c)(2)(D) (requiring written consent to service by email). The superior court admitted Exhibit 28 because it promoted resolution on the case's merits, and the court found that Brown suffered no prejudice.

¶7            Natalie Boyd, an authorized representative for the loan servicer, testified about Brown's loan history and confirmed that her company does not submit monthly reports containing loan-level information to the Bank. Boyd was unfamiliar with the Bank's investor portal. Brown unsuccessfully renewed her objection to Exhibit 28, arguing Boyd lacked the personal knowledge necessary to sign the Bank's responses to Brown's requests for admission.

¶8            Boyd testified Brown's loan had no associated bankruptcy bond. She explained that the prospectus, a general document about loans in various portfolios, contemplates a bankruptcy bond to cover potential losses "[i]f specified in the related prospectus supplement." And she noted the prospectus supplement related to Brown's loan does not specify a bankruptcy bond. Boyd also testified that Brown's loan history, which included a $704,428.23 reinstatement amount and $997,243.29 in current total principal owed, shows neither Brown nor a bankruptcy bond reduced the principal amount owed. Boyd showed that the "reinstatement balance" document was the apparent source of Brown and McCaffrey's confusion: it showed a declining balance but represented the anticipated trajectory of the loan if Brown made her payments. In other words, the document did not reflect actual payments, merely payments that should have occurred.

¶9            In July 2021, the superior court lifted the temporary restraining order and denied Brown's requests for relief. The court concluded Brown did not establish the elements for a preliminary injunction because she failed to show she was likely to succeed on the

merits of her unjust enrichment claim given she provided no evidence that a bankruptcy bond covered the losses from her bankruptcy.

**¶10** Although Brown filed her notice of appeal before the final judgment, it was not premature. *See* ARCAP 9(c) (we treat as timely a notice of appeal filed after the superior court's decision order, but before entry of an appealable final judgment). We have jurisdiction over Brown's appeal under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶11** In support of her appeal, Brown offers us only conclusory arguments with no citation to legal authority, hyperbolic attacks, and demands that we reweigh evidence. We are not persuaded.

**¶12** Brown contends the superior court erred: (1) by admitting the Bank's responses to her requests for admission because they were untimely, and Boyd lacked personal knowledge to sign them; and (2) "in rejecting the uncontroverted testimony from McCaffrey." Brown argues these supposed errors led to the court's improper determination that she did not meet her burden of proof.

**¶13** Brown failed to sufficiently develop these arguments by providing our court with "citation to legal authority." ARCAP 13(a)(7)(A). Without articulation of authority for why the court abused its discretion in these evidentiary rulings, we cannot discern a basis to find error. "We are not required to look for the proverbial needle in the haystack. We must insist that a bona fide and reasonably intelligent effort to comply with the rules be manifest." *In re Aubuchon*, 233 Ariz. 62, 64, ¶ 6 (2013) (cleaned up). Brown thus waived these arguments on appeal.

**¶14** Brown argues the superior court applied the wrong burden of proof and should have shifted the burden to the Bank. We disagree. Brown asserted the unjust enrichment claim and had the burden to show "(1) an enrichment, (2) an impoverishment, (3) a connection between the two, (4) the absence of justification for the enrichment and impoverishment and (5) the absence of any remedy at law." *Mousa v. Saba*, 222 Ariz. 581, 588, ¶ 29 (App. 2009). She never met her burden because she never proved the phantom bankruptcy bond existed. Boyd testified there was no bankruptcy bond, and the court rejected McCaffrey's testimony as not credible. *See Nutek Info. Sys., Inc. v. Ariz. Corp. Comm'n*, 194 Ariz. 104, 113, ¶ 39 (App. 1998) (we will not reassess witness credibility on appeal).

¶15 Brown ineffectively counters by accusing Boyd of committing perjury and the Bank of spoliation of evidence because it did not provide her evidence of a bankruptcy bond that never existed. Brown's briefs offer nothing to support her perjury and spoliation accusations beyond hyperbole and speculation. We reject Brown's baseless accusations. The superior court did not err in relying on Boyd's testimony—and Brown's lack of evidence—to conclude no bankruptcy bond existed. The record supports the court's resulting rulings denying Brown her requested relief. Brown did not prevail and is thus not entitled to the fees and costs she requested.

*Sanctions*

¶16 When a party is represented, Arizona Rule of Civil Procedure 11 requires an attorney of record to sign all pleadings, motions, and papers she files with the court. The signature verifies "that to the best of the person's knowledge, information, and belief formed after reasonable inquiry," the document is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Ariz. R. Civ. P. 11(b). When a pleading is signed in violation of this rule, the court may impose sanctions "on the person who signed it, a represented party, or both," *id.* at (c), "when: (1) there was no reasonable inquiry into the basis for a pleading or motion; (2) there was no chance of success under existing precedent; and (3) there was no reasonable argument to extend, modify or reverse the controlling law." *Villa De Jardines Ass'n v. Flagstar Bank, FSB*, 227 Ariz. 91, 96, ¶ 13 (App. 2011) (quoting *Wolfinger v. Cheche*, 206 Ariz. 504, 510, ¶ 29 (App. 2003)). "In general, an attorney violates Rule 11 by filing a document that he or she knows or should know asserts a position that is insubstantial, frivolous, groundless or otherwise unjustified." *Cal X-Tra v. W.V.S.V. Holdings, L.L.C.*, 229 Ariz. 377, 410, ¶ 113 (App. 2012) (cleaned up). We evaluate an attorney's conduct "under an objective reasonableness standard." *Id.*

¶17 Similarly, our rules of appellate procedure allow us to "impose sanctions on an attorney or a party" for submitting an appeal that "is frivolous, or was filed solely for the purpose of delay." ARCAP 25. We may also sanction an attorney or a party for violating our appellate procedural rules. *Id.* We "may impose sanctions that are appropriate in the circumstances of the case, and to discourage similar conduct in the future. Sanctions may include contempt, dismissal, or withholding or imposing costs or attorneys' fees." *Id.*

¶18 We impose sanctions here under Rule 11 and ARCAP 25, awarding the Bank part of its reasonable attorneys' fees on appeal upon compliance with ARCAP 21, to be paid jointly and severally by Brown and her counsel, Teresa Foster. Ms. Foster's briefs are rife with unsubstantiated allegations and her legal theory deceptively conflates the prospectus and prospectus supplement. The applicable supplement, which Foster failed to identify, made zero mention of a bankruptcy bond. Foster's conflation inspired her allegations that the Bank possessed but destroyed evidence of the bankruptcy bond and that Boyd perjured herself by testifying that the bond did not exist. We applied waiver to Foster's other arguments, *supra* ¶¶ 12–13, because she cited little to no legal authority. We also forward this decision to the State Bar of Arizona to determine whether Foster violated any rules of professional conduct.

¶19 As the prevailing party, the Bank is also entitled to its reasonable costs, upon compliance with ARCAP 21.

## CONCLUSION

¶20 We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA