NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IQTUNHEIMR, LLC, *Plaintiff/Appellant*,

*v.*

VAL VISTA LAKES COMMUNITY ASSOCIATION, et al.,
*Defendants/Appellees*.

No. 1 CA-CV 25-0095

FILED 10-31-2025

---

Appeal from the Superior Court in Maricopa County
No.  CV2024-002225
The Honorable Jennifer C. Ryan-Touhill, Judge

**AFFIRMED**

---

COUNSEL

CHDB Law, LLP, Tempe
By Lydia Peirce Linsmeier, Kyle Banfield
*Counsel for Appellees*

Denton Peterson Dunn, PLLC, Mesa
By Larry A. Dunn
*Co-Counsel for Appellant*

Brown Patent Law, Scottsdale
By Nathan Brown
*Co-Counsel for Appellant*

Dessaules Law Group
By Jonathan A. Dessaules, Thomas E. Raccuia
*Counsel for Amicus Curiae Arizona Homeowners Coalition*

Jeremy Whittaker, Gilbert
*Amicus Curiae*

Lisa Marx, Sun City
*Amicus Curiae*

---

## MEMORANDUM DECISION

Vice Chief Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Cynthia J. Bailey joined.

---

**W E I N Z W E I G**, Vice Chief Judge:

¶1        Iqtunheimr, LLC ("Homeowner") appeals the superior court's dismissal of its complaint against Val Vista Lakes Development ("Val Vista") and Timothy Hedrick, along with the sanctions order and award of attorney fees.  We affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Val Vista is a master-planned community association with 2,243 members.  When formed, the homeowners adopted a Declaration of Covenants, Conditions, Restrictions, Assessments, Charges, Servitudes, Liens, Reservations and Easements ("Declaration").

¶3        Homeowner owned a house in Val Vista and sued Val Vista and a member of its board, Hedrick, for breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of contract by selective enforcement and failure to maintain.  Homeowner alleged that both Val Vista and Hedrick breached the Declaration and harmed the Val Vista community by failing to maintain the entrance signs, clubhouse fence, outdoor shower, plumbing, electric wires, paving, community waterfall, community parks and greenbelts, community walls, fountains, pools, lakes and community churches.

2

¶4 Val Vista and Hedrick moved to dismiss the lawsuit for failure to state a claim. *See* Ariz. R. Civ. P. 12(b)(6). The superior court dismissed much of the lawsuit "because [Homeowner] has not complied with the mandatory statutory requirements for a derivative claim." Val Vista was awarded its attorney fees and costs as the prevailing party in a dispute arising out of contract, and Homeowner was sanctioned $5,000 for bringing and pursuing claims without substantial justification. Homeowner voluntarily dismissed the rest of its claims and timely appealed. We have jurisdiction. A.R.S. §§ 12-2101(A)(1), -120.21(A).

## DISCUSSION

### I. Complaint Dismissal.

¶5 A motion to dismiss should be granted only if the plaintiff is not entitled to relief under any interpretation of the facts. *Swift Transp. Co. of Ariz. v. Ariz. Dep't of Revenue*, 249 Ariz. 382, 385, ¶ 14 (App. 2020). Arizona courts assume the truth of all well-pled, material allegations in the complaint, but "do not accept as true allegations consisting of conclusions of law, inferences or deductions that are not necessarily implied by well-pleaded facts, unreasonable inferences or unsupported conclusions from such facts, or legal conclusions alleged as facts." *Id.* (quoting *Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389, ¶ 4 (App. 2005)).

¶6 A "derivative claim" is an action brought by a shareholder or partner to enforce an entity's cause of action against its officers and directors or third parties. *Judson C. Ball Revocable Tr. v. Phx. Orchard Grp. I, L.P.*, 245 Ariz. 519, 521, ¶ 3 n.3 (App. 2018). An action is derivative "if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance or distribution among individual holders, or if it seeks to recover assets for the corporation or to prevent the dissipation of its assets." *Albers v. Edelson Tech. Partners L.P.*, 201 Ariz. 47, 52, ¶ 17 (App. 2001).

¶7 To file a derivative lawsuit, Arizona law requires the shareholder have standing under § 10-3631, comply with the demand requirements of § 10-3632 and file a well-pled complaint. Ariz. R. Civ. P. 23.1; A.R.S. §§ 10-3631, -3632; *see Judson*, 245 Ariz. at 522, ¶ 6. "A proceeding may be brought in the right of a domestic corporation to procure a judgment in its favor by . . . any member or members having twenty-five per cent or more of the voting power or by fifty members, whichever is less." A.R.S. § 10-3631(A).

**¶8** A shareholder without standing to pursue a derivative lawsuit may still file a direct cause of action when: "(1) the relationship between the shareholders and a wrongdoer is separate from the shareholders' status as shareholders or their ownership interest in the corporation, (2) the wrongdoer owes a duty to the shareholders for some reason other than their status as shareholders, or (3) the injuries or damages were sustained by individual shareholders rather than by the corporation." *Albers*, 201 Ariz. at 52, ¶ 18.

**¶9** Homeowner insists it filed a direct lawsuit against Val Vista, not a derivative lawsuit. We disagree. Val Vista was a non-profit corporation under A.R.S. § 33-1802(1). Homeowner was a member of Val Vista. And Homeowner points to only derivative harm in its lawsuit, alleging that Val Vista breached the Declaration when it failed to maintain the common areas, including the community parks, pools, greenbelts and the clubhouse. Those are derivative claims that belong to the community as a whole, not to Homeowner as an individual. *See Judson,* 245 Ariz. at 521, ¶ 3 n.3.

**¶10** Homeowner lacked standing to pursue derivative claims against Val Vista because it did not meet the requirements of § 10-3631. Homeowner never secured the consent of enough homeowners to assert derivative claims under § 10-3631(A)(1), and did not make a demand on Val Vista under § 10-3632.

**¶11** Homeowner relies on two unpublished memorandum decisions to overcome the statute's plain language. *See Stevens v. Caldamone*, 1 CA-CV 06-0788, 2007 WL 5463553 (Ariz. App. Dec. 11, 2007) (mem. decision); *Tober v. Civano 1: Neighborhood Ass'n, Inc.*, 2 CA-CV 2012-0129, 2013 WL 950558 (Ariz. App. Mar. 12, 2013) (mem. decision). That reliance is misplaced.

**¶12** In *Stevens*, this court allowed a homeowner to pursue direct claims against an HOA because the community documents empowered individual homeowners to enforce the CC&Rs against the HOA. 1 CA-CV 06-0788 at *3, ¶¶ 11–13. Here, the Declaration says the opposite. Add to that, the court in *Stevens* dismissed the remaining claims as derivative because, as here, the plaintiffs alleged harm to the whole association. *Id.* at **3–4, ¶¶ 14–15, 20.

**¶13** In *Tober*, this court dismissed a derivative lawsuit because the homeowner did not follow the statutory obligations. 2 CA-CV 2012-0129 at *2, ¶ 8. We held the homeowner "lacks capacity to sue the board by

4

bringing a direct action" because "[s]he claims no special relationship with the board, alleges no individual injury, and does not assert the board owed her a duty for any reason other than her membership status." *Id.* at *2, ¶ 8. We hold the same here.

**¶14** We likewise reject Homeowner's argument that "any attempt by the trial court to depict [Homeowner] as suing on behalf of the corporation[] is contrary to the rule that the facts must be construed in favor of the [Homeowner]." Not so. Whether Homeowner sued on behalf of the corporation is a question of law. *Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 499 (1996) ("The issue of [] capacity to sue is a question of law, which this court reviews de novo.").

## II. Sanctions.

**¶15** Homeowner also appeals the sanctions imposed by the superior court. We review an award of sanctions for an abuse of discretion. *Villa De Jardines Ass'n v. Flagstar Bank, FSB*, 227 Ariz. 91, 96, ¶ 12 (App. 2011).

**¶16** Arizona courts may sanction parties who bring claims without substantial justification. A.R.S. § 12-349(A)(1). A claim is brought without substantial justification when both groundless and not made in good faith. A.R.S. § 12-349(F). "Groundless" is synonymous with "frivolous." *Ariz. Republican Party v. Richer*, 257 Ariz. 237, 243, ¶ 15 (2024). A claim is groundless "if the proponent can present no rational argument based upon the evidence or law in support of that claim." *Id.* (citation omitted). A claim is not groundless, by contrast, when "fairly debatable" or a "long shot." *Id.* ("[A] claim may lack winning merit without being sufficiently devoid of rational support to render it groundless."). A claim is made in bad faith when (1) objectively groundless and (2) "the party or attorney knows or should know that it is groundless, or is indifferent to its groundlessness, but pursues it anyway." *Id.* at 248–49, ¶¶ 38, 40. That is an objective standard based on what professional, competent attorneys would do under similar circumstances. *Id.*

**¶17** We discern no error. Arizona law plainly prevented Homeowner from asserting a direct cause of action against Val Vista for alleged injuries to the common areas. *See* A.R.S. §§ 10-3631, -3632. A professional, competent attorney would have understood this was a derivative lawsuit and sought to comply with the requirements for derivative lawsuits. Homeowner was sanctioned because its claims were groundless and not made in good faith.

### III.    Attorney Fees and Costs.

**¶18**        Homeowner challenges the superior court's award of attorney fees and costs.  We review the superior court's award of attorney fees for abuse of discretion.  *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265, ¶ 18 (App. 2004).  The superior court has broad discretion to award attorney fees.  *Ray & Lindsay - 11, LLC v. Town of Gilbert*, 252 Ariz. 147, 151, ¶ 23 (App. 2021).  "To find an abuse of discretion, there must either be no evidence to support the superior court's conclusion or the reasons given by the court must be clearly untenable, legally incorrect, or amount to a denial of justice."  *Charles I. Friedman, P.C. v. Microsoft Corp.*, 213 Ariz. 344, 350, ¶ 17 (App. 2006) (citation modified).

**¶19**        Homeowner argues the superior court abused its discretion when it granted Val Vista and Hedrick their attorney fees because many of the time entries on the supporting invoices did not fully describe the lawyers' activities.  We discern no abuse of discretion because the court's award is supported by reasonable evidence.  What is more, the superior court already reduced Val Vista's attorney fee award by $3,750.  Val Vista sought $63,720 in attorney fees, but the court awarded only $59,970.

**¶20**        Val Vista and Hedrick request their reasonable attorney fees and costs on appeal under A.R.S. § 12-341.01.  Val Vista and Hedrick prevailed in this contract action, so we award them their reasonable attorney fees and costs upon compliance with ARCAP 21.

### CONCLUSION

**¶21**        We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR