NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IQTUNHEIMR, LLC,
*Plaintiff/Appellant*,

*v.*

VAL VISTA LAKES COMMUNITY ASSOCIATION, et al.,
*Defendants/Appellees*.

No. 1 CA-CV 25-0095

FILED 02-10-2026

Appeal from the Superior Court in Maricopa County
No. CV2024-002225
The Honorable Jennifer C. Ryan-Touhill, Judge

**AFFIRMED**

COUNSEL

CHDB Law, LLP, Tempe
By Kyle Banfield, Joshua M. Bolen
*Counsel for Appellees*

Denton Peterson Dunn, PLLC, Phoenix
By Larry A. Dunn
*Co-Counsel for Appellant*

Brown Patent Law, Scottsdale
By Nathan Brown
*Co-Counsel for Appellant*

Dessaules Law Group, Phoenix
By Jonathan A. Dessaules, Thomas E. Raccuia
*Counsel for Amicus Curiae Arizona Homeowners Coalition*

Lisa Marx, Sun City
*Amicus Curiae*

Jeremy Whittaker, Gilbert
*Amicus Curiae*

---

## MEMORANDUM DECISION

Vice Chief Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Cynthia J. Bailey joined.

---

**W E I N Z W E I G**, Vice Chief Judge:

**¶1**        Iqtunheimr, LLC ("Homeowner") appeals the superior court's dismissal of its complaint against Val Vista Lakes Community Association ("Association") and Timothy Hedrick, along with the sanctions order and award of attorney fees and costs.  We affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        This lawsuit involves Val Vista Lakes, a master planned community located in Gilbert with more than 2,200 homes and members. The community is governed by a homeowners' association, the Association, under a Declaration of Covenants, Conditions, Restrictions, Assessments, Charges, Servitudes, Liens, Reservations and Easements ("Declaration"). The Association is a non-profit corporation.  *See* A.R.S. § 33-1802(1)(a). Homeowner owns one home in Val Vista Lakes.

**¶3**        In 2024, Homeowner sued the Association and Timothy Hedrick, a board member, for breach of contract and breach of the implied covenant of good faith and fair dealing.  Homeowner alleged the Association and Hedrick breached the Declaration by failing to maintain common areas and amenities, including the clubhouse, fences, outdoor shower, plumbing, electric wires, paving, community waterfall, community parks, greenbelts, community walls, fountains, pools and lakes.

¶4            The Association and Hedrick moved to dismiss under Arizona Rule of Civil Procedure 12(b)(6), arguing Homeowner failed to state a claim upon which relief could be granted.  The superior court granted the motion because Homeowner "has not complied with the mandatory statutory requirements for a derivative claim."  The court awarded the Association its attorney fees and costs as the prevailing party, and sanctioned Homeowner $5,000 for bringing and pursuing claims without substantial justification.  Homeowner timely appealed.  We have jurisdiction.  A.R.S. §§ 12-2101(A)(1), -120.21(A)(1).

## DISCUSSION

¶5            On appeal, Homeowner argued that (1) Homeowner had standing to bring a direct cause of action, (2) a derivative lawsuit must involve a third party, (3) sanctions were not deserving and (4) the superior court erred in granting attorney fees and costs.  This court issued a Memorandum Decision on October 31, 2025.  The Association and Hedrick filed a motion to publish.  This court granted the motion and issued an Opinion addressing standing and derivative claims.  In this Memorandum Decision, we affirm the sanctions and award of attorney fees and costs entered against Homeowner.

## I.    Sanctions.

¶6            Homeowner appeals the sanctions imposed by the superior court.  We review an award of sanctions for an abuse of discretion.  *Villa De Jardines Ass'n v. Flagstar Bank, FSB*, 227 Ariz. 91, 96, ¶ 12 (App. 2011).

¶7            Arizona courts may sanction parties who bring claims without substantial justification.  A.R.S. § 12-349(A)(1).  A claim is brought without substantial justification when both groundless and not made in good faith.  A.R.S. § 12-349(F).  "Groundless" is synonymous with "frivolous."  *Ariz. Republican Party v. Richer*, 257 Ariz. 237, 243, ¶ 15 (2024).  A claim is groundless "if the proponent can present no rational argument based upon the evidence or law in support of that claim."  *Id.* (citation omitted).  A claim is not groundless, by contrast, when "fairly debatable" or a "long shot."  *Id.* ("[A] claim may lack winning merit without being sufficiently devoid of rational support to render it groundless.").  A claim is made in bad faith when (1) objectively groundless and (2) "the party or attorney knows or should know that it is groundless, or is indifferent to its groundlessness, but pursues it anyway."  *Id.* at 248–49, ¶¶ 38, 40.  That is an objective standard based on what professional, competent attorneys would do under similar circumstances.  *Id.*

¶8      We discern no error.  Arizona law plainly prevented Homeowner from asserting a direct cause of action against the Association for alleged injuries to the common areas.  *See* A.R.S. §§ 10-3631, -3632.  A professional, competent attorney would have understood this was a derivative lawsuit and sought to comply with the requirements for derivative lawsuits.  Homeowner was sanctioned because its claims were groundless and not made in good faith.

## II.      Attorney Fees and Costs.

¶9      Homeowner challenges the superior court's award of attorney fees and costs.  We review the superior court's award of attorney fees for abuse of discretion.  *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265, ¶ 18 (App. 2004).  The superior court has broad discretion to award attorney fees.  *Ray & Lindsay - 11, LLC v. Town of Gilbert*, 252 Ariz. 147, 151, ¶ 23 (App. 2021).  "To find an abuse of discretion, there must either be no evidence to support the superior court's conclusion or the reasons given by the court must be clearly untenable, legally incorrect, or amount to a denial of justice."  *Charles I. Friedman, P.C. v. Microsoft Corp.*, 213 Ariz. 344, 350, ¶ 17 (App. 2006) (citation modified).

¶10      Homeowner argues the superior court abused its discretion when it granted the Association and Hedrick their attorney fees because many of the time entries on the supporting invoices did not fully describe the lawyers' activities.  We discern no abuse of discretion because the court's award is supported by reasonable evidence.  What is more, the court already reduced the Association's attorney fee award by $3,750.  The Association sought $63,720 in attorney fees, but the court awarded only $59,970.

## III.      Attorney Fees and Costs on Appeal.

¶11      We awarded attorney fees and costs on appeal to the Association and Hedrick under A.R.S. § 12-341.01.

CONCLUSION

¶12     We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR