NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOHN F. WALKER, a single man, *Plaintiff/Appellant*,

*v.*

WENDY HEALD, a single woman, *Defendant/Appellee*.

No. 1 CA-CV 23-0320
FILED 01-23-2024

Appeal from the Superior Court in Yavapai County
No. V1300CV202080180
The Honorable Linda M. Wallace, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

John F. Walker, Wooroloo, WA Australia
*Plaintiff/Appellant*

Law Office of Florence M. Bruemmer, P.C., Anthem, Arizona
By Florence M. Bruemmer
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Daniel J. Kiley delivered the decision of the Court, in which
Judge Kent E. Cattani and Judge D. Steven Williams joined.

**K I L E Y**, Judge:

¶1        John F. Walker appeals the superior court's order denying his motion for relief from final judgment. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Walker and Wendy Heald were married and share two sons. In 1996, Walker founded Knowledge 2000 ("K2000"), an "eLearning technology" company. Walker and Heald divorced in 2000. The dissolution decree ordered Walker to pay child support to Heald, which Walker failed to pay as required.

¶3        In 2002, Walker and Heald participated in an alternative dispute resolution ("ADR") conference regarding Walker's child support arrearage which, with accrued interest, came to approximately $18,000. The parties agreed, among other things, that Walker would pay Heald $500 per month until January 2004, when he would make a $15,000 balloon payment and reimburse Heald for other expenses as well. They further agreed that Walker would transfer 50,000 shares of K2000 stock to Heald "[a]s collateral" to secure his payment obligations.

¶4        In late October 2002, Walker mailed Heald a certificate for the 50,000 shares of K2000 stock. On the back of the certificate, Walker added the following terms:

> If full satisfaction of my debt to [Heald] has not been made by January 1, 2004, I hereby authorized the transfer of 50,000 shares of [K2000] from my account to [Heald] to be used as collateral against that debt.

> If the debt has not been fully extinguished by this date, [Heald] may present this stock certificate to [K2000] for signature by the corporation's officers, and may subsequently sell all or part of the stock in order to satisfy the balance of the debt. The remaining proceeds or unsold shares will then be returned to [Walker] . . . .

¶5        Shortly thereafter, Walker resigned as president of K2000 and moved to Australia. In his resignation letter, he "proposed the creation" of a new company "to enable separate corporate wrappings around K2000's eLearning technology and the products that the company created based on the technology." In 2003, Ted Foley, a K2000 board member and one of its

"original investor[s]," founded the new company, Efficient Learning Systems. K2000 was dissolved in 2012.

¶6            In 2010, an agency of the Australian government notified Walker that his child support obligation remained outstanding. Walker later acknowledged that he knew, at that point, that Heald had not used the 50,000 K2000 shares to pay off his child support debt.

¶7            In 2020, Walker sued Heald for common law fraud, alleging that she accepted the 50,000 shares of K2000 stock "under the terms that they would be consummated and sold in 2004 and the proceeds used to pay off [Walker's] past and future child-support obligations." "Instead of using the shares to pay off [Walker's] child-support obligations in 2004," Walker alleged, Heald used them to acquire shares of Efficient Learning Systems "as a future investment without informing [Walker] or the Arizona Child-Support Services of her actions." According to Walker, Heald's "actions resulted in the [continued] accrual" of his child support debt "for over a decade," the "loss of the value of the [K2000] shares," and "the hiding of other malfeasances associated with [his] financial interest in the company's business assets." Heald filed an answer denying Walker's substantive allegations and asserting various affirmative defenses and a counterclaim for defamation.

¶8            In April 2021, Heald filed a motion for partial summary judgment, arguing, *inter alia*, that Walker's claim was time-barred.

¶9            In his response, Walker disputed most of Heald's factual allegations and insisted that his fraud claim was not, in fact, based on Heald's failure to use the K2000 shares to retire his child support debt. Instead, according to Walker, "the fraud in this lawsuit has to do with [Heald's] misuse of the 50,000 collateral shares to acquire 23,500 [Efficient Learning Systems] shares in a deal made with Ted Foley." Walker elaborated that Heald "ignore[d] the intended purpose" of the shares—to "retire [his] child-support debt"—and instead used them to make a "personal investment" in Early Learning Systems, giving her a "double financial benefit" in the continued accrual of his child support debt and the acquisition of the Early Learning Systems shares. Walker maintained that he did not learn of Heald's "deal" with Foley until one of the parties' sons "accidentally discovered" documents related to the transaction on Heald's computer in August 2017. Accordingly, he concluded, his cause of action did not accrue until 2017, and his claim was timely filed in 2020.

¶10        After oral argument, the court granted summary judgment in Heald's favor on Walker's fraud claim, concluding that Walker's claim was barred by the three-year statute of limitations applicable to fraud. *See* A.R.S. § 12-543(3). The court reasoned that, even "assuming *arguendo* that Walker's version of events is true," Walker admitted that he was notified by the "Australian Government Department of Child-Support" in 2010 that "his child support debt had not been retired by the stock shares" and that he was required to start making payments. Thus, "[p]utting aside Walker's obligation to investigate his own debts owed for child support," "at a minimum, the statute of limitations . . . accrued no later than 2010."

¶11        Walker moved for reconsideration. In his motion, he admitted that he learned in 2010 that Heald had not used the K2000 shares to retire his child support debt and admitted that he "could have brought a lawsuit for [her] failure to do so." He explained, however, that he decided that suing Heald "was not a viable option" at the time because "the only injury that he could claim was the accumulated interest on the debt." Filing suit would not have been cost-effective, Walker stated, because the "legal costs" involved "would have exceeded the accumulated interest" that he could claim as damages.

¶12        Walker nonetheless insisted that the knowledge he gained in 2010 that Heald had not applied the K2000 shares to his outstanding child support debt was not enough to trigger the running of the statute of limitations. Reiterating that his claim was "never about" Heald's failure to "use the collateral shares to retire [his] child support debt," he argued that his claim arises out of Heald's use of the K2000 shares "to acquire (convert them to) Efficient Learning Systems shares and to hide that action from" him "in order to establish a double financial benefit for herself"—namely, "the continued accumulation of [his] child-support debt" and "an investment in a company with rising sales." When he learned in 2010 that Heald had not used his K2000 shares for "their intended purpose," he believed that Heald had "transferred" the shares into the names of the parties' sons. Because he "felt" that transferring the shares to his sons "was a reasonable and fair outcome," he took no further action. Not until 2017, he asserted, did he learn that Heald exchanged the K2000 shares for Efficient Learning Systems shares. He concluded that his cause of action against Heald did not accrue until he made this discovery.

¶13        The superior court denied Walker's motion for reconsideration. Walker then filed a notice of appeal. Shortly thereafter, Walker filed a motion for leave to file an amended complaint, asserting that he had discovered new evidence that supported two additional fraud

claims against Heald. This Court dismissed the appeal, and the superior court granted Walker's motion to file an amended complaint.

¶14　　　　Walker then filed a first amended complaint ("FAC") asserting three claims: (1) common law fraud (Count 1); (2) "aiding and abetting insolvency fraud" (Count 2); and (3) "aiding and abetting share elimination fraud" (Count 3). Count 1 re-alleged, verbatim, the common law fraud claim against Heald that Walker alleged in his original complaint. Counts 2 and 3 alleged that Heald gave "critical assistance" to Foley "in his perpetrating" of "Insolvency Fraud" and "Share Elimination Fraud," respectively, both of which "resulted in the elimination of" the value of the interest Walker and his sons had "in the business assets" of K2000. The FAC described the "Insolvency Fraud" as Foley falsely informing shareholders that K2000 was "insolvent" and the "Share Elimination Fraud" as Foley failing to transfer Walker's 2.5 million shares in K2000 to Walker's sons.

¶15　　　　Heald moved to dismiss the FAC as barred by *res judicata*. She argued that the court had already adjudicated and dismissed the common law fraud claim Walker re-alleged in Count 1 of the FAC. As for Counts 2 and 3, Heald asserted that both claims had been dismissed as time-barred in a *separate* case, "Case Vl300CV202080244," on April 1, 2021. Walker did not file a response.

¶16　　　　In August 2022, the superior court granted Heald's motion and dismissed the FAC. The court also awarded Heald reasonable attorney fees and costs incurred in filing the motion to dismiss.

¶17　　　　Heald subsequently moved to voluntarily dismiss her counterclaim for defamation, while Walker moved for reconsideration of the order dismissing the FAC. The court denied Walker's motion for reconsideration, granted Heald's request to voluntarily dismiss her counterclaim, and denied pending discovery motions as moot. Because no further matters remained pending, the court entered the order as a final judgment pursuant to Arizona Rule of Civil Procedure ("Rule") 54(c).

¶18　　　　Walker then sought leave to file a second amended complaint, justifying his proposed amendment by citing "recently discovered documents" that had allowed him to "pinpoint an exact description of how the [K2000] business assets were expropriated and fraudulently transferred into Efficient Learning Systems." The court denied his motion, noting that the matter had already been dismissed and final judgment entered.

¶19　　　　Walker filed a motion for relief from final judgment under Rule 60(b)(2). In his motion, he did not dispute that, before he filed the FAC,

the court had granted summary judgment on his common law fraud claim against Heald and his remaining claims had been dismissed as time-barred in separate litigation. He nonetheless asserted that on August 24, 2022, he received various documents from Foley's daughter (who is a "member of the board of Efficient Learning Systems"), including a document entitled "Efficient Learning Systems 2007/2008 financial statement" (the "ELS Financial Statement"). Walker further asserted that the ELS Financial Statement constitutes "newly discovered evidence" within the meaning of Rule 60(b)(2) because the document "exposes the exact mechanism by which the [K2000] business assets were expropriated and fraudulently transferred into Efficient Learning Systems." Walker explained that the ELS Financial Statement "explicitly states that K2000's business assets were acquired through the foreclosure of a loan" that Foley had made to K2000. Thus, Walker asserted, the ELS Financial Statement illuminated how Foley "managed to take control of the [K2000's] business assets." Walker added that he could not have discovered the ELS financial statement through due diligence because he was not privy to Efficient Learning Systems financial information since he was "not an Efficient Learning Systems shareholder."

**¶20**        Subsequently, and with leave of court, Walker filed an amended motion for relief from final judgment, asserting the same arguments but with two additional exhibits attached. In response, Heald argued that the "new" evidence could have been discovered through due diligence and, in any event, the new evidence would not have changed the outcome of the case.

**¶21**        On April 3, 2023, the court denied Walker's motion for relief from final judgment and again entered judgment pursuant to Rule 54(c). Walker filed a motion for reconsideration of the denial but, before the court issued a ruling on the motion, filed a timely notice of appeal. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶22**        Under Rule 60(b)(2), "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding" based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." The superior court enjoys broad discretion in deciding whether to grant relief from a judgment or order under Rule 60(b), *Skydive Ariz., Inc. v. Hogue*, 238 Ariz. 357, 364, ¶ 24 (App. 2015), and this Court reviews its decision for an abuse of that discretion, *Rogone v. Correia*, 236 Ariz. 43, 48, ¶ 12 (App. 2014).

¶23         Heald devotes several pages of her answering brief to detailing the myriad ways in which Walker's amended opening brief fails to comply with the Arizona Rules of Civil Procedure. Although the Court agrees that Walker's 63-page brief makes little attempt to comply with ARCAP 11 and 13, our preference for resolving cases on their merits leads us to decline Heald's invitation to summarily dismiss this appeal despite Walker's noncompliance with applicable rules. *See DeLong v. Merrill*, 233 Ariz. 163, 166, ¶ 9 (App. 2013).

¶24         Rule 60(b)(2) allows the court to relieve a party from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)(1)." "[T]he evidence must have been in existence at the time of the trial, but if it was in possession of the party before the judgment was rendered it is not newly discovered and does not entitle him to relief." *Ashton v. Sierrita Mining & Ranching*, 21 Ariz. App. 303, 305 (1974) (citation omitted). Also, "the moving party must show why he did not have the evidence at the time of the trial or in time to move [for a new trial]." *Id.* (citation omitted). "A judgment will not be reopened if the evidence is merely cumulative and would not have changed the result." *Id.* (citation omitted).

¶25         Here, Walker contends that the ELS Financial Statement constitutes "newly discovered evidence" under Rule 60(b)(2) because it existed when this case was filed, was not in his possession at the time judgment was rendered, could not have been discovered through due diligence, and was "materially significant" to his claims. As for its significance, Walker argues that the document "exposes" the exact "mechanism" by which Foley "expropriated" K2000's assets and "fraudulently transferred" them to Efficient Learning Systems.

¶26         Even assuming *arguendo* that the ELS Financial Statement could not have been discovered despite reasonable diligence and that it provides new information about the "exact mechanism" of the alleged fraud, Walker does not explain how such information would have led the court to deny Heald's motion to dismiss the FAC. All of the claims in the FAC arose out of alleged fraud by Heald and Foley. Those fraud claims had already been adjudicated, and so the court dismissed the FAC on the basis of *res judicata*. New information explaining exactly how the underlying fraud was allegedly perpetrated is irrelevant to the court's determination that *res judicata* barred the fraud claims. Because Walker does not dispute the court's determination that *res judicata* barred his claims, he has not shown that the court abused its discretion in denying his request to set aside

the judgment based on this purported "newly discovered evidence." *See Ruesga v. Kindred Nursing Ctrs., LLC*, 215 Ariz. 589, 595, ¶ 17 (App. 2007) ("A judgment will not be reopened if the evidence . . . would not have changed the result.") (cleaned up).

¶27 Walker also argues that he is entitled to relief from final judgment under Rule 60(b)(6), which allows for relief based on "any other reason justifying relief." He asserts that the court's order denying him relief "results in a miscarriage of justice in that the tortfeasor . . . and his accessories" who "defrauded [Walker's sons] of their entire financial interest in [K2000's] business assets" are "not held to account."

¶28 In the motion he filed in superior court, Walker did not assert that he is entitled to relief on any basis other than Rule 60(b)(2). Because our review is limited to the issues raised in the motion for relief from judgment, *see Ruesga*, 215 Ariz. at 599, ¶ 38, Walker's belated Rule 60(b)(6) claim is waived. *See also Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utils., LLC*, 227 Ariz. 382, 386, ¶ 12 (App. 2011) (as corrected) (if a legal theory is "not raised below so as to allow the trial court" "an opportunity to address all issues on their merits," it is waived on appeal).

¶29 Walker discusses at length his position that the superior court erred in granting summary judgment on his original common law fraud claim against Heald. He "expected . . . in 2004" that Heald had used the 50,000 K2000 shares to "retire[]" his child support debt, he argues, and "never had any reason" until 2017 to believe she would use them to acquire an interest in Efficient Learning Systems. According to Walker, Heald's "perfidious actions" resulted in the continued "accrual" of his child support debt "for over a decade."

¶30 Because these arguments do not relate to the denial of the motion for relief from judgment on grounds of *res judicata*, and instead attempt to re-litigate the merits of the underlying judgment, we do not have jurisdiction to address them. Rule 60(b) "is not an alternative to filing an appeal or to other procedures for obtaining review of erroneous legal rulings." *See Craig v. Superior Court*, 141 Ariz. 387, 388 (App. 1984) (citation omitted); *see also Budreau v. Budreau*, 134 Ariz. 539, 541 (App. 1982) ("[Rule 60(b)] cannot be used as a substitute for appeal to relitigate issues which have already been finally determined.").

## CONCLUSION

¶31 For the foregoing reasons, we affirm.

**¶32** Heald requests attorney fees and costs pursuant to A.R.S. § 12-349 and ARCAP 21, citing Walker's "unreasonable" positions on appeal. In our discretion, we grant Heald's request for an award of reasonable fees and costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: TM